LOTTINGER, Judge.
This is an appeal from the trial court’s denial of the appellant’s petition to reopen a succession. The petition was brought by William Forman, Jr. to have his claimed interest in his aunt Ethel Forman’s succession recognized.
Ethel Forman was a resident and domici-lary of Harris County, Texas. She died testate, without issue, in Texas on October 30, 1959. Her succession was opened and her will probated in Texas. The deceased owned an interest in a Louisiana property known as Calumet Plantation in West Ba *440 ton Rouge Parish. She was a co-owner with her brother and sister, William For-man, Sr. and Lelia Forman Badeaux, each owning a one-third interest. William For-man, Sr. had one son, William, Jr. Mr. Forman, Sr. is now deceased. Lelia For-man Badeaux had two children, Edward R. Badeaux, Jr. and Mary Badeaux McCormick. The deceased left her interest in Calumet Plantation to Edward Badeaux, Jr. and Mary McCormick. On December 6, 1965, an ancillary probate proceeding was opened in West Baton Rouge Parish. On December 18, 1965, the trial court ordered the registry and execution of the testament ^previously probated in Texas. Nothing further occurred until February 4, 1986, when William Forman, Jr., the appellant herein, filed a motion on behalf of Lelia Forman Badeaux, administratrix of the succession, Edward Badeaux, Jr., and Mary McCormick substituting himself as counsel of record. This was approved by the trial court on August 18, 1987. Thereafter, on September 9, 1987, William Forman, Jr. filed a motion to withdraw a counsel of record because of irreconcilable differences. A show cause order was issued returnable October 8, 1987.
On October 7, 1987, Edward Badeaux, Jr. and Mary McCormick petitioned the court to substitute counsel in place of Mr. For-man. The request was granted the same day. Also on October 7, 1987, a petition for possession was filed by attorney Neal Harmon, substituted in place of Mr. For-man, on behalf of Edward Badeaux, Jr. and Mary McCormick. Judgment of possession 'was rendered the same day. Mr. Forman, Jr. filed his petition to re-open the succession on October 12, 1987, claiming one-half of Ethel Forman’s one-third interest in Calumet Plantation under the laws of intestacy. The trial court dismissed Mr. Forman’s petition. He appeals.
Appellant presents two basic issues on appeal: (1) under La.Code Civ.P. art. 561 inasmuch as more than five years have elapsed since the initial opening of the succession proceeding in Louisiana, have the heirs lost their rights due to abandonment, and (2) with the heirs losing the rights by abondonment, is the assertion of rights by a possible heir cause to re-open the succession under La.Code Civ.P. art. 3393.
I.
Appellant claims that he acquired a legal right to the succession of Ethel Forman when the ancillary succession proceedings were abandoned due to passage of five years without any formal action taking place in those proceedings. La.Code Civ.P. art. 561. He concludes that upon abandonment of the action seizin passed by operation of law to the legal heirs of Ethel Forman, one-half to himself, and one-half to Mary McCormick and Edward Badeaux, Jr.
La.Code Civ.P. art. 561 as it read prior to its amendment in 1983 by Act 670 in part provided:
“An action is abandoned when the parties fail, to take any steps in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order or dismissal as of the date of its abandonment.”
After its amendment in 1983 [1], the article reads in part as follows:
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding (1) which has been opened, (2) in which an administrator or executor has been appointed, or (3) in which a testament has been probated. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.”
Appellant claims that the 1983 amendment cannot be applied retroactively if to *441 do so would unconstitutionally divest him of a vested right. We know of no jurisprudence nor has any been cited to us that has ever applied article 561 to an uncontested succession proceeding. The terms “prosecution” and “defense” as used in this article suggest a contest, a controversy between at least two parties. Unless some action in a succession proceeding is contested, there is no “prosecution” or “defense” to go forward with. There was never a request filed by any purported heir or interested party to be notified of any action in this succession proceeding, much less any contest of record. The purpose of article 561 is to prevent the matter from becoming stale to the disadvantage of an adversary.
We conclude that the 1983 amendment of article 561 did not change the intention of the law as it existed prior thereto. This amendment was merely a recognition by the legislature of what the law already was, and, as such, it was interpretative and could be applied retroactively without divesting anyone of a vested right. If an act of the legislature is interpretative of existing law, by definition it cannot divest one of a vested right because the right never vested. Winstead v. Ed’s Live Catfish & Seafood, Inc., 554 So.2d 1237 (La.App. 1st Cir.1989), writ denied, 558 So.2d 570 (1990).
II.
Inasmuch as we have concluded that the succession had not been abandoned, appellant failed to present a prima facie case to the trial court of a possible heir presenting a claim.
Therefore, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Article 561 was again amended in 1987 by Act 149. This amendment added a discretionary contradictory hearing prior to the dismissal and was effective September 1, 1987.