BYRNES, Judge.
Plaintiffs appeal from a judgment granting a peremptory exception of no cause and/or right of action, and dismissing plaintiffs’ supplemental and amending petition against Deaton, Inc. (“Deaton”) and the Insurance Company of the State of Pennsylvania (“ISOP”). We affirm.
This litigation involves four consolidated lawsuits arising out of an October 1990 tractor/trailer truck and train collision in which barrels of herbicide were knocked from the truck into the Florida Avenue Canal, and residents in the area were evacuated. The four groups of plaintiffs are represented by four attorneys: James B. Aime, Henry T. Dart, H. Edward Sherman, and Thomas L. Smith. On or about December 1, 1992, Dea-ton and ISOP extended a settlement offer to Mr. Aime’s plaintiffs. On or about December 11, 1992, a similar offer was extended to Mr. Dart’s plaintiffs made on behalf of Dea-ton, ISOP, and John K. Hill, the driver of the Deaton truck. The offer expired on December 16, 1992..
The plaintiffs represented by Mr. Dart filed a supplemental and amending petition, claiming that the Deaton defendants acted in bad faith, and|2alleging that it was unreasonable to expect counsel to effectively communicate the offer to his clients (approximately 350 plaintiffs) in such a short period of time. *1297 Plaintiffs further alleged that the chain of events was intentionally orchestrated by the defendants to interfere with the contractual relationship between counsel and his clients. After a hearing, on August 16,1993, the trial court granted the Deaton defendants’ peremptory exception of no cause of action, and dismissed plaintiffs’ claims under LSA-R.S. 22:122o.[1] Plaintiffs’ appeal followed.
At issue is whether the trial court erred in maintaining a partial exception of no cause of action and in dismissing plaintiffs’ claims based on LSA-R.S. 22:1220.
A peremptory exception of no cause of action goes to the legal sufficiency of a petition; for purposes of the exception all well-pleaded allegations are accepted as true. Any doubt as to the sufficiency of the petition must be resolved in favor of the plaintiff. Everything on Wheels, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
LSA-R.S. 22:1220 provides in pertinent part:
Is A. An insurer including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breached these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer constitutes a breach of the insurer’s duties in Subsection A of this Section:
1.Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
2. Failing to pay a settlement within thirty days after an agreement is reduced to writing.
3. Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
4. Misleading a claimant as to the applicable prescriptive period.
5. Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
In their brief, plaintiffs state that they “admit that the plaintiffs’ supplemental petition does not fall within any of the five enumerated violations of Section B of the Statute.” However, plaintiffs argue that the list of breaches of duty in Section B of the statute is illustrative of the type of violations prohibited by the general duties set forth in Section A.
|4Although plaintiffs cite cases in other circuits which hold that the statute provides an illustrative list, in Hernandez v. Continental Casualty Ins. Co., 615 So.2d 484 (La.App. 4th Cir.), writ denied 620 So.2d 850 (La.1993), this court found that because LSA-R.S. 22:1220 is penal in nature, it must be strictly construed, and the list of breaches of duty is exclusive. We decline to overrule that ease. Plaintiffs fail to allege acts to support their claim of bad faith within the exclusive list in the statute. Since under Hernandez the list of five breaches of duty in Section B of the statute is exclusive, defendants had no duty to allow what the plaintiffs believed to be a reasonable time in which to accept an offer of settlement. As defendants had no such duty, they cannot be held hable *1298 for the consequences of their failure to perform a duty they did not have. This would encompass all consequences, including the alleged disruption of counsel’s contractual relationship with his clients. Accepting plaintiffs’ allegations as true, plaintiffs have failed to state a cause of action under the statute based on the intentional interference of contractual relationship. See 9 to 5 Fashions, Inc. v. Spumey, 538 So.2d 228 (La.1989); Neel v. Citrus Lands of Louisiana, Inc., 629 So.2d 1299 (La.App. 4th Cir.1993).
In Everything on Wheels, Inc. v. Subaru South, Inc., supra, the Louisiana Supreme Court found that if there are two or more items of damages or theories of recovery which arise out of operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery; however, if two or more actions are cumulated which would have been brought separately because they were based on operative facts of separate and distinct | .[¡transactions or occurrences, partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving other actions to be tried on the merits.
In the present case, the cause of action based on a claim of bad faith under LSA-R.S. 22:1220 arises out of the settlement negotiations which were events totally removed in time and place from the original tractor/trailer and train collision. Therefore, the trial court properly granted a partial exception of no cause of action, denying the claim of bad faith under LSA-R.S. 22:1220 while permitting the plaintiffs to continue to pursue their separate and distinct claims arising out of the collision itself.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. The parties refer to LSA-R.S. 22:782 (formerly LSA-R.S. 22:1220). The insurance code was revised and many of the statutes were renumbered, including LSA-R.S. 22:1220, which became LSA-R.S. 22:782 under Acts 1991, No. 1031, of the Regular Session of the Legislature, effective January 1, 1993. See Tarver v. Eckstein Marine Service, Inc., 633 So.2d 764 (La.App. 5th Cir.1994). However, Act 3 of the 1992 Regular Session of the Legislature repealed Acts 1991, No. 1031 of the 1991 Regular Session in its entirety to rescind the “technical revision of the provisions of law relative to insurance." Consequently, in the 1994 Supplementary Pamphlet, LSA-R.S. 22:782 no longer exists, and the insurer’s good faith duty statute is currently located under LSA — R.S. 22:1220.