663 So.2d 512 (1995)
Deborah ARMSTRONG
v.
Felix RABITO, M.D., et al.
Deborah ARMSTRONG, Mother of/and Erin Armstrong
v.
Maureen STEIN, M.D. and Felix G. Rabito, M.D.
Nos. 95-CA-0659, 95-CA-0660.
Court of Appeal of Louisiana, Fourth Circuit.
October 26, 1995.
*513 Edward J. Rice, Jr. and Arthur F. Hickham, Jr., Adams and Resse, New Orleans, for defendant/appellee, The Doctor's Company.
Maury A. Herman and Charles O. Taylor, Herman, Herman, Katz & Cotlar, New Orleans, for plaintiffs/appellants.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
LOBRANO, Judge.
The issue in this appeal is whether our previous holding, that La.R.S. 22:1220(A) does not provide a cause of action to a non-insured third party claimant and that La.R.S. 22:1220(B) provides an exclusive list of the insurer's breach of duties, is correct. Hernandez v. Continental Casualty Co., 615 So.2d 484 (La.App. 4th Cir.1993), writ denied, 620 So.2d 850 (1993) and Matter of Certain Residents, 93-2365, 2371 (La.App. 4th Cir. 5/26/94), 637 So.2d 1296. Plaintiffs argue those decision should be overturned. We decline to do so and affirm the trial court.

FACTS AND PROCEDURAL HISTORY:
This case involves a medical malpractice claim asserted by plaintiffs, Deborah and Erin Armstrong, against Drs. Rabito and Stein, and their insurer, The Doctor's Company, regarding medical treatment rendered by them to Albert Armstrong, Deborah's husband and Erin's father. Although the opinion of the medical review panel was favorable to Dr. Rabito, it also stated that the evidence supported the conclusion that Dr. Stein failed to comply with the applicable standard of care as charged in the complaint.
Initially, plaintiffs filed a petition for damages against both doctors alleging negligence and breach of contractual duty which resulted in the death of Albert Armstrong. The Doctor's Company was added by first supplemental and amending petition. In their second supplemental and amending petition, plaintiffs alleged that their own medical expert also opined that Dr. Stein's treatment of Albert Armstrong was below the applicable standard of care and was the cause of his death. Plaintiffs further alleged that The Doctor's Company was liable for penalties because of its failure to negotiate in good faith as required by La.R.S. 22:1220.
Defendants filed exceptions of no cause of action and/or no right of action which the trial court granted. Plaintiffs perfect this appeal arguing that the trial court misinterpreted La.R.S. 22:1220 and that our previous holdings in Hernandez and Matters of Certain Residents should be overruled. Defendants counter with the argument that R.S. 12:1220(A) does not provide a cause of action to a non-insured third party claimant and further, that plaintiffs have no right of action under R.S. 22:1220(B)(5).
La.R.S. 22:1220 provides:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

*514 (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
Relying on a previous unpublished writ disposition,[1] this Court, in Hernandez, supra, held that, because R.S. 22:1220 is penal in nature, strict construction of the statute is required and that the five instances specified in section B are exclusive. We held that plaintiff's failure to assert any one of those precluded any claim for penalties. We concluded that because plaintiffs merely alleged that the insurer failed to make a reasonable effort to settle and because none of the proscribed acts of section B were asserted, the trial court was correct in dismissing plaintiff's claim.
The Hernandez decision was subsequently followed by this Court in Matter of Certain Residents, supra. There, we declined to overrule Hernandez and reaffirmed this circuit's position that the five acts specified in section B are the exclusive breaches of the duty owed by an insurer as defined in section A. We concluded that the defendant in that case had no duty to "allow what plaintiffs believed to be a reasonable time in which to accept an offer of settlement" and therefore, plaintiff failed to state a cause of action.
Plaintiffs cite and rely on the Fifth Circuit case of D'Abreu v. Diesel Power International, 625 So.2d 540 (La.App. 5th Cir.1993) wherein the court held that the second sentence of R.S. 22:1220(A) provides a non-insured third party claimant with a right of action against the tortfeasor's insurer for failure to make a good faith effort to settle a claim. Citing the dissent in Hernandez, the D'Abreu court concluded that section B of the act is only illustrative, and that the second sentence of section A provides an additional duty on insurers to make reasonable efforts to settle claims with both their named insureds and with third party claimants.
As we noted in the Boatner writ, and as the trial judge in Hernandez noted, R.S. 22:1220 is indeed confusing and can be read in various and contradictory ways. However, we decline to overturn our previous interpretations. Because a penal statute requires strict interpretation, we hold that a plaintiff must assert one of the five acts specified in section B in order to state a cause of action for penalties. In the instant case, plaintiffs' supplemental petition alleges that "Dr. Stein and her insurer, The Doctor's Company, have refused to negotiate with plaintiffs as required by La.R.S. 22:1220." Of the five instances of insurer breach set forth in section B, only (B)(5) pertains to an insurer's arbitrary failure to pay a claim. Specifically, (B)(5) states "[f]ailing to pay the amount of any claim due any person insured by the contract...." (emphasis added). That language means that only the insured can state a claim under that subsection.[2]
We further conclude that section A does not provide a cause of action, separate and distinct, from those enumerated in section B. The first sentence of section A sets forth an insurer's general duty of good faith and fair dealing, while the second sentence *515 imposes a duty to adjust and reasonably settle claims. Those duties are breached when one of the five acts specified in section B is knowingly committed by the insurer. In addition, the fact that section A states that the insurer's duty of reasonable settlement efforts are with the "insured or claimant," does not mean that a non-insured has a right of action independent of those listed in section B. If the legislature intended to give a non-insured claimant the right to collect penalties from the tortfeasor's insurer because it failed to make a reasonable effort to settle, language to that effect could have easily been written into section (B)(5). Absent that legislative intent, we will not create, by judicial decree, a right of action in favor of the non-insured claimant.
We therefore hold that, because La.R.S. 22:1220(B)(5) grants a right of action only to the insured, and because plaintiffs have failed to state a cause of action under (B)(1) through (B)(4), the trial court correctly granted defendants' exceptions of no right of action and no cause of action.
AFFIRMED.
NOTES
[1] Boatner v. State Farm Mutual, et al, 92-C-1248 (9/28/92).
[2] The D'Abreu court also agreed that subsection (B)(5) does not provide a right of action to a non-insured third party claimant.