674 So.2d 463 (1996)
Eugene M. PELLEGRINI
v.
William CRELLIN, State Farm Mutual Automotive Insurance Company, et al.
No. 95-CA-2654.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
Rehearing Denied May 31, 1996.
Sterling E. Price, The Law Firm of Jacqueline Goldberg, New Orleans, for Plaintiff/Appellant.
James S. Thompson, Dan Richard Dorsey, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for Defendant/Appellee.
Before SCHOTT, C.J., and CIACCIO and JONES, JJ.
JONES, Judge.
Plaintiff-Appellant Eugene Pellegrini was rear ended by a car driven by William Crellin (Crellin), an insured of the defendant-appellee State Farm Mutual Automobile Insurance Company (State Farm), on January 10, 1994, causing appellant's car to hit the car in front of him, which was then knocked into the car in front of it. (This was the basic chain-reaction type of collision). Appellant was treated for the injuries he sustained as a result of this accident. Appellant placed State Farm on notice that he was making a claim for personal injury and on or about October 13, 1994, made demand upon State Farm for the policy limits of their insured.
On November 2, 1994, appellant filed a suit for damages against defendants State Farm, Crellin, and appellant's U.M. carrier in the Civil District Court for the Parish of Orleans for the injuries he sustained as a result of the *464 collision. On November 23, 1994, State Farm sent appellant's counsel documentation showing that of the $20,000 limit available to the several individuals making claims on Crellin's liability policy with State Farm, over $16,571.00 had been distributed to other claimants and that the remainder was all that appellant could collect. After State Farm answered appellant's original Petition for Damages, appellant filed a supplemental and amending petition on March 17, 1995, seeking damages from State Farm, pursuant to La.R.S. 22:1220, for their "failing to settle with plaintiff in a fair and prompt manner and in failing to make a reasonable effort to settle plaintiff's claim."
In response to this Amended and Supplemental Petition, State Farm filed an Exception of No Cause of Action. After oral arguments, the trial court rendered judgement maintaining State Farm's Exception of No Cause of Action and dismissing the First Amended and Supplemental Petition with prejudice. It is from this judgement that appellant appeals.
In his first assignment of error, appellant argues that the trial court erred in maintaining State Farm's Exception of No Cause of Action to his First Amended and Supplemental Petition and dismissing same with prejudice for failure to state a cause of action under La.R.S. 22:1220. In pertinent part, La.R.S. 22:1220 provides:
A. An insurer including but not limited to a foreign line and surplus line insurer owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of this breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to any writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained, or five thousand dollars, whichever is greater ...
In dismissing the appellant's claim under R.S. 22:1220, the trial court stated:
This court is bound by the Fourth Circuit majority decision in Hernandez v. Continental Casualty, 615 So.2d 484 (La.App. 4th Cir.1993) and re-affirmed in Certain Residents Domiciled in Orleans Parish v. Denton [Adams v. Deaton], 637 So.2d 1296 (La.App. 4th Cir.1994) that R.S. 22:1220 listing of duties is exclusive and not illustrative and a plaintiff does not have a cause of action unless he or she falls within one of the enumerated duties imposed by that statute, notwithstanding decisions to the contrary by other circuits in Louisiana.
The duty imposed by La.R.S. 22:1220(A) is a duty owed by the insurer to its insured. The duty may be breached in any of the ways listed in section B of the statute. In Hernandez, this court stated:
The application of R.S. 22:1220 to a non-insured third party claimant has been contested in this circuit on supervisory writs in Jerry L. Boatner, et al. v. State Farm Mutual, et al., No. 92-C-1248. In Boatner, the majority found that since R.S. 22:1220 is penal in nature, it must be strictly construed, and thus, the five acts specified in paragraph (B) must be exclusively construed.
*465 In arguing that State Farm is liable to him for failing to settle in a fair and prompt manner and in failing to make a reasonable effort to settle plaintiff's claim, appellant seeks to bring himself within the coverage provided by subsection (B)(5). However, this court has consistently held that the language of subsection (B)(5) allows only an insured to state a claim under that subsection. See Armstrong v. Rabito, 95-0659 (La.App. 4 Cir. 10/26/95); 663 So.2d 512. This is the law of this circuit.
Accordingly, we reaffirm that because La. R.S. 22:1220(B)(5) grants a right of action to the insured only, and appellant has failed to state a cause of action under B(1) through B(4), the trial court correctly granted State Farm's Exception of No Cause of Action.
In his final assignment of error, appellant argues that the trial court's judgement granting the Exception of No Cause of Action violates his rights of due process and equal protection as guaranteed by the 14th Amendment of the United States Constitution. This assignment of error has no merit. The law is clear that [a] litigant who fails to plead the unconstitutionality of a statute cannot legally raise the constitutional issue in the appellate court." Montalbano v. Louisiana State Board of Medical Examiners, 560 So.2d 1009, 1010 (La.App. 4th Cir.1990).
Accordingly, we affirm the judgement of the trial court granting State Farm's Exception of No Cause of Action.
AFFIRMED.