JiLANDRIEU, Judge.
This action arises out of an automobile accident between Steven Smith and Anthony Ascani which occurred in July 1992. In June 1993, Ascani filed suit against Smith, Barnes & Noble, Inc. (Smith’s employer), and Transportation Insurance Company (Barnes & Noble’s insurer). In a supplemental and amending petition, Ascani sought sanctions against the insurer pursuant to La.Rev.Stat. Ann. §§ 22:1220 and 22:658 for its alleged bad faith refusal to settle the claim. Transportation Insurance Company filed an exception of no cause of action and moved to dismiss the supplemental and amending petition. The trial court sustained the exception, dismissing the supplemental and amending petition with prejudice.
Ascani now asks this Court to determine on appeal from the judgment sustaining the defendant’s exception of no cause of action whether he, as a third-party claimant, has a right of action against the insurer under La.Rev.Stat. 22:1220 (West 1995). This Court has consistently held that the duty imposed by La.Rev.Stat. 22:1220(A) is a duty owed by the insurer to its insured. Pellegrini v. Crellin, et al, 95-2654 (La.App. 4th Cir. 5/8/96), 674 So.2d 463; Armstrong \ ¿v. Rabito, 95-0659, 95-0660, (La.App. 4th Cir. 10/26/95), 663 So.2d 512; Hernandez v. Continental Casualty, 615 So.2d 484 (La.App. 4th Cir.), writ denied, 620 So.2d 850 (La.1993) (citing supervisory writ No. 92-C-1248, Jerry L. Boatner, et al. v. State Farm Mutual); see also Dier v. Hamilton, 600 So.2d 117, 121 (La.App. 2nd Cir.1992); Levy v. Cummings, 25-475 (La. 2nd Cir. 1/19/94), 631 So.2d 55, 57; but see D’Abreu v. Diesel Power Intern, Inc., 625 So.2d 540, 544 (La.App. 5 Cir.1993); Rusch v. Cook, 619 So.2d 122, 124 (LaApp. 1 Cir.), writ denied, 625 So.2d 1043 (La.1993); Estate of Robichaux v. Jackson Nat. Life Ins., 821 F.Supp. 429 (E.D.La.1993), aff’d, 20 F.3d 1169 (5th Cir.1994).
The issue presented by this appeal is under review by the Louisiana Supreme Court in Theriot v. Midland Risk Co., 95-227 (La.App. 3 Cir. 11/2/95), 664 So.2d 547, tvrit granted 95-2895 (La. 2/2/96), 666 So.2d 1095. As the appeal is from an exception of no cause of action which did not terminate the *72 litigation, we vacate the judgment of the trial court and remand the matter for further proceedings with the remainder of the case. The parties have an adequate remedy on appeal after all issues have been adjudicated.
VACATED AND REMANDED.