682 So.2d 267 (1996)
Kerry M. SPEAR,
v.
Thong Ngoc TRAN, et al.
No. 96-CA-1490.
Court of Appeal of Louisiana, Fourth Circuit.
September 18, 1996.
Rehearing Denied November 22, 1996.
*268 Jerry L. Saporito, Michael D. Sledge, O'Neal, Eichin, Miller, Saporito & Harris, New Orleans, for Defendant/Appellant.
Richard C. Trahant, Molaison, Price & Loeb, Gretna, for Appellee.
Before BYRNES, CIACCIO and LOBRANO, JJ.
BYRNES, Judge.
Defendant, Prudential Property and Casualty Insurance Company (Prudential), appeals the denial of its motion for a new trial seeking reversal of those portions of a default judgment ordering it to pay plaintiff, Kerry M. Spear, penalties and attorney's fees under LSA-R.S. 22:1220. We reverse.
Kerry M. Spear and Thong Ngoc Tran were involved in an automobile collision on November 22, 1993. Ms. Spear sued Tran; his insurer, State Farm Mutual Automobile Insurance Company; and Prudential, in its capacity as her uninsured/underinsured motorist carrier.
Ms. Spear settled her claim against Tran and State Farm and took a preliminary default against Prudential which she confirmed on December 15, 1995. The default judgment ordered Prudential to pay Ms. Spear its U.M. policy limits; plus a statutory penalty of $10,000, and $6,666.66 in attorney's fees for its arbitrary and capricious refusal to tender policy limits; together with interest on the entire sum.
Prudential filed a motion for new trial, arguing that neither the record nor LSA-R.S. 22:1220 supports the imposition of a penalty and/or attorney's fees and the default judgment was improvidently granted as to those items.
The trial court denied Prudential's motion. Prudential appealed.
LSA-R.S. 22:1220A imposes on the insurer the:
affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
*269 LSA-R.S. 22:1220B enumerates the acts that would constitute a breach of the affirmative duty set forth in part A, including:
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
LSA-R.S. 22:1220C provides for penalties in addition to damages, but makes no provision for attorney's fees.
As this court noted in Hernandez v. Continental Cas. Ins. Co., 615 So.2d 484 (La. App. 4 Cir.1993), writ denied 620 So.2d 850 (La.1993) and re-affirmed in Matter of Certain Residents Domiciled and Residing in Orleans Parish [Adams v. Deaton], 637 So.2d 1296 (La.App. 4 Cir.1994) and Pellegrini v. Crellin, 95-2654 (La.App. 4 Cir. 5/8/96) 674 So.2d 463, LSA-R.S. 22:1220 as penal in nature, it must be strictly construed. In order to assert a claim under LSA-R.S. 22:1220, a plaintiff must allege that the defendant-insurer knowingly committed one of the acts set out in R.S. 22:1220(B). Hernandez, 615 So.2d at 490.
The only request for penalties and attorney's fees because of arbitrary and capricious conduct is found in paragraph X of Ms. Spear's petition:
Plaintiff also requests any penalties and/or attorney's fees provided for by Louisiana law due to defendant, State Farm Mutual Automobile Insurance Company's, arbitrary and capricious actions in adjusting the claim which has resulted in this petition. [Emphasis added.]
Plaintiff's petition upon which her default judgment is based contains no allegations against Prudential of arbitrary or capricious actions. Ms. Spear argues that the necessary allegation against Prudential can be found in paragraph XI of her petition wherein it is alleged generally that:
The defendants are jointly, severally and in solido liable unto petitioner for all of the foregoing damages sustained by virtue of this negligent action.
Based on this general allegation of solidary liability plaintiff contends that because Prudential was a named co-defendant with State Farm in the original petition, and because that petition alleges that all of the defendants are liable in solido for her damages, she "undoubtedly" prayed for penalties and attorney's fees which resulted from Prudential's arbitrary and capricious refusal to adjust her claim by virtue of her allegations of arbitrary and capricious behavior on the part of State Farm.
Neither LSA-R.S. 22:1220 nor the doctrine of solidarity countenances the imposition of liability on one defendant/insurer for the arbitrary and capricious refusal of its co-defendant to adjust and pay claims.
The allegations of paragraphs X and XI of plaintiff's petition when read together are not broad enough to encompass a claim against Prudential for its arbitrary and capricious refusal to pay claims independent of State Farm's actions. As the plaintiff made no allegation concerning arbitrary or capricious actions by Prudential, plaintiff can only prevail if her claim of solidary liability for the arbitrary and capricious actions of State Farm as alleged in the previously quoted paragraph X of plaintiff's petition can be sustained against Prudential regardless of the fact that Prudential may not have independently committed any arbitrary or capricious actions. Therefore, assuming for purposes of argument that plaintiff has the right to hold Prudential responsible under some theory of solidarity for State Farm's arbitrary refusal to pay claims, it would then be incumbent upon the plaintiff to prove up a prima facie case at the default confirmation hearing of State Farm's arbitrary refusal to pay. Plaintiff made no attempt to do so.
In effect, when this Court reads plaintiff's general allegation of solidary liability, plaintiff wants this Court to interpret the term solidary as "ditto" in the sense that plaintiff now wants it to mean that whatever she specifically alleged against State Farm, she meant it to apply equally to Prudential. But that is not what an allegation of solidary liability means, either expressly or impliedly. It is not a synonym for "ditto."
*270 Moreover, a review of the record leads to the inescapable conclusion that the reason there was no reference in plaintiff's petition to the arbitrary and capricious actions of Prudential is that there was no basis for such a claim at the time plaintiff's petition was filed. Plaintiff's petition was filed on September 24, 1994. But based on plaintiff's own evidence, Prudential's failure to pay could be considered arbitrary and capricious at the earliest, if at all, sixty days after receipt of plaintiff's letter of August 29, 1995 containing the copies of plaintiff's medical records which presumably constituted the "satisfactory proof of loss" as required by LSA-R.S. 12:1220B(5).[1] Therefore, we can only conclude that plaintiff was well aware that she had no basis for claiming that the actions of Prudential were either arbitrary or capricious at the time she filed her petition and that is why there is no such allegation against Prudential in the petition. As we find that there is no basis for finding that plaintiff intended to allege that Prudential's failure to pay her claim was arbitrary or capricious at the time she filed her suit, per force there is nothing that would permit this Court to conclude that Prudential had any notice of such a claim against it by virtue of the filing of plaintiff's petition.
As there is no merit in the contention that the allegations of the petition were broad enough to permit a default against Prudential for damages, penalties and attorney's fees, plaintiff can only succeed by a showing of entitlement to those awards arising outside of the four corners of the original petition. Ms. Spear argues that even if penalties and attorney's fees were not properly prayed for in her petition, by virtue of argument and documentary evidence offered during the confirmation hearing on the default judgment, her pleadings were amended in accordance with C.C.P. art. 1154 to include those demands.
Plaintiff filed no formal amendment to her original petition raising these claims. Thus plaintiff's only hope of success rests on her argument regarding enlargement of her pleadings at the confirmation hearing pursuant to C.C. P. art. 1154:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading....
Nothing in the record indicates Prudential expressly or impliedly consented to issues of statutory penalty or attorney's fees being tried. Default judgments arise out of the failure of the defendant to appear by answer or exception to refute the plaintiff's prima facie case after having had the due process opportunity to do so, i.e., service of process containing proper notice of what is at stake. LSA-C.C.P. art. 1701, 1702 and 1703. The theory of the default is that the burden of proof shifts to the defendant after the plaintiff proves up a prima facie case at the default confirmation and the defendant does not carry this shifted burden by virtue of his failure to make an appearance on the record. Default is not based on the theory that "silence gives consent", i.e., the failure of the defendant to answer cannot be construed as agreement with the plaintiff's allegations dispensing with the necessity for proof of at least a prima facie case. Implicit in the LSA-C.C.P. art. 1703 requirement that the plaintiff prove up a prima facie case before judgment by default may be granted is the *271 presumption that the defendant's failure to appear constitutes a tacit denial and opposition to the plaintiff's claim. In other words, if the defendant's failure to appear could be construed as some form of consent, there would be no need to require the plaintiff to prove up a prima facie case.
Nor does the confirmation hearing give the claimant a right to carte blanche. The claimant is limited not only to those matters for which he can present a prima facie case, but he is also limited to those matters of which the defendant has been properly notified through service of process. "A judgment by default shall not be different in kind from that demanded in the petition." LSA-C.C.P. art. 1703. Plaintiff's argument that the proof she introduced at the confirmation hearing supporting her claim to damages, penalties and attorney's fees effectively enlarged her pleadings to include those items of damage is without foundation. The logic of plaintiff's argument would permit a claimant to sue for $100.00, but then permit that claimant to prove up $1,000,000.00 on default when the defendant failed to appear only because it was not worth the trouble and expense of responding to a $100.00 lawsuit. It is difficult to imagine the limits of what legal mischief might result were we to adopt the plaintiff's reasoning. The defendant has a due process right to know what is at stake when a default is threatened.
Moreover, the transcript of the default confirmation hearing reveals that Ms. Spear offered no proof of damages as a result of Prudential's breach of duty. The only proof she testified to related to personal injuries and property damage she sustained as a result of the automobile accident. The penalty provision of R.S. 22:1220 is applicable only after a showing of damages actually suffered as a result of the breach of the duties to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the claimant. Hall v. State Farm Mut. Auto. Ins. Co., 94-867 (La.App. 3 Cir. 5/31/95), 658 So.2d 204 and Khaled v. Windham, 94-2171, p. 11, 12 (La.App. 3 Cir. 6/23/95); 657 So.2d 672, 680. The court erred in its imposition of penalties under R.S. 22:1220.
Turning to the issue of attorney's fees, it is well accepted in Louisiana that attorney's fees are not allowed except where authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). Attorney's fees statutes must be construed strictly because the award of attorney's fees is exceptional and penal in nature. Cracco v. Barras, 520 So.2d 371 (La.1988). In this case, the trial judge cited La. R.S. 22:1220 as authority for the award of attorney's fees; however, the statute does not so provide, and Ms. Spear cites no contract between her and Prudential which would entitle her to attorney's fees. Consequently, because there is no statutory authority, or contractual basis for an award of attorney's fees, the award was improper. Moreover, all of the deficiencies of plaintiff's petition and the default confirmation proceedings applicable to the award of penalties to plaintiff are equally fatal to plaintiff's claim for attorney's fees.
We reverse those portions of the trial court judgment awarding penalties and attorney's fees to plaintiff, plus the interest awarded on those sums. We affirm the balance of the judgment.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] The trial court in its judgment and the parties in their briefs refer only to LSA-R.S. 22:1220. We note that had the trial court or the parties also considered LSA-R.S. 22:658 as was done in Khaled v. Windham, 94-2171, p. 9 (La.App. 1 Cir. 6/23/95); 657 So.2d 672, writ dismissed 95-1914 (La.11/1/95); 661 So.2d 1369, all of the defects of notice, etc., and, therefore, the outcome also would remain the same. As the court noted in Khaled:

In order to prevail under La. R.S. 22:658, the UM claimant must establish that the insurer received satisfactory proof of loss [emphasis added], failed to pay the claim within the applicable statutory period, and that the failure to tender a reasonable amount was arbitrary and capricious. [Citation omitted.] A "satisfactory proof of loss" means that the insured has received sufficient information to "fully apprise the insurer of the insured's claim."
Id.
Thus, although this Court might have the authority through its power to render on appeal whatever judgment is proper to consider the applicability of LSA-R.S. 22:658 under the theory of fact pleading as applied to plaintiff's case, there is no necessity to do so.