| | | |
|---|---|---|
| **SUCCESSION OF DORIS LAVNER FEINGERTS AND JANE FEINGERTS RUSHING** | * | **NO. 2025-C-0397** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **BRUCE L. FEINGERTS** | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06902, DIVISION "J"
Honorable D. Nicole Sheppard, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Paula A. Brown, Judge Dale N. Atkins)

Ian Atkinson
Sarah B. Belter-Pylant
SCHONEKAS, EVANS, MCGOEY & MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112

  COUNSEL FOR RELATOR, Succession of Doris Feingerts and Jane Feingerts Rushing

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
**AUGUST 19, 2025**

*DNA*

*DLD*

*PAB*

Relators, the Succession of Doris Lavner Feingerts and Jane Feingerts Rushing, seek supervisory review of the trial court's May 20, 2025 order, which denied their "*Ex Parte* Motion and Order to Dismiss as Abandoned" ("Motion to Dismiss") and stated that the Motion had to be set for contradictory hearing. After consideration of the record before this Court and the applicable law, we grant Relators' writ application, reverse the trial court's order, and render judgment.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 13, 2011, Doris Lavner Feingerts died testate and the Succession of Doris Lavner Feingerts was opened with the assigned Orleans Parish Civil District Court ("CDC") case number 2011-09918 ("Original Succession Proceeding"). Respondent, Bruce L. Feingerts, filed several motions in the succession proceedings including a Motion to Traverse the Second and Amended Usufructuary Accounting; a Motion to Traverse the Estimated Descriptive List of Assets and Liabilities; and a Motion to Annul Judgment of Partial Possession and to Return and for Return of Particular Legacies. These and other matters were litigated before the trial court and this Court in two separate appeals. On July 1, 2019, Respondent filed a separate petition ("Collateral Petition") against Relators

1

allegedly attempting to relitigate claims previously ruled upon in the Original Succession Proceeding. The Collateral Petition was assigned CDC case number 2019-06902 ("Collateral Case"). On December 23, 2019, Relators filed Peremptory Exceptions of Res Judicata, Peremption, and No Cause of Action ("Exceptions") in the Collateral Case, to which Respondent has not yet responded.

A hearing on the Exceptions was first scheduled for February 7, 2020, but was rescheduled to March 20, 2020, on *ex parte* motion by Respondent. On March 12, 2020, Respondent again sought a continuance for the hearing on the Exceptions. After several re-settings and requests for continuances made by Respondent, on April 1, 2022, the trial court ultimately signed an order granting Respondent's most recent Motion to Continue and continued the matter without date. Accordingly, Respondent's last action taken in this matter was a Motion to Continue without Date filed on December 8, 2021, wherein he sought to continue the hearing on Relators' Exceptions without a date for the fifth time.

On April 29, 2025, Relators filed their Motion to Dismiss in the Collateral Case. Therein, Relators argued that the matter had been abandoned pursuant to La. C.C.P. art. 561 because more than three years had passed since either party took a step in the prosecution or defense of the matter. On May 20, 2025, the trial court denied Relators' Motion to Dismiss as Abandoned, by issuing an order with a stamp that stated "DENIED MUST BE SET FOR CONTRADICTORY HEARING." The trial court gave no other reasons for denying the Motion to Dismiss. Relators' timely writ application to this Court followed.[1]

---

[1] We note that this Court ordered Respondent, Bruce L. Feingerts, to file a response to Relators' writ application. No response was received by this Court.

## ASSIGNMENTS OF ERROR

In their writ application, Relators assert two assignments of error:

1. The [trial] court committed reversable error by denying [Relators]' *Ex Parte* Motion and Order to Dismiss as Abandoned.

2. The [trial] court committed reversable error by ordering [Relators]' *Ex Parte* Motion and Order to Dismiss as Abandoned be set for contradictory hearing.

In our review of Relators' writ application, we begin by addressing the applicable standard of review.

## DISCUSSION

### Standard of Review

This Court has explained that "[t]he standard of review applicable to abandonment rulings is two-fold . . ." *Sylvester v. Santone*, 2024-0310, p. 5 (La. App. 4 Cir. 7/16/24), 399 So.3d 26, 29. First, "[w]hether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis." *Id.* (quoting *Williams v. Montgomery*, 2020-01120, p. 6 (La. 5/13/21), 320 So.3d 1036, 1042). Second, and "by contrast," the question of "whether a particular act, if proven, [interrupts] abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct." *Id.* (alteration in original). In this latter regard, an appellate court's review of "[w]hether an action has been abandoned" presents "a question of law" because it requires the appellate court "to determine if the trial court's interpretative decision is correct." *Sherman v. Old Point Bar*, 2024-0658, p. 4 (La. App. 4 Cir. 3/20/25) ___ So.3d ___, ___, 2025 WL 868804, at *2 (citing *Harmonia LLC v. Felicity Props. Co.*, 2023-0579, p. 4 (La. App. 4 Cir.

3

10/16/23), 376 So.3d 939, 943). "Questions of law are reviewed *de novo* by appellate courts." *Id.* (citing *Rixner v. Planned Parenthood Gulf Coast, Inc.*, 2018-0897, p. 4 (La. App. 4 Cir. 4/24/19), 270 So.3d 733, 736).

In the matter *sub judice*, the trial court made no factual determinations as to the presence or absence of steps taken in the last three years when ruling on Relators' Motion to Dismiss. Our review of the record shows that Relators' assignments of error present issues of law: (1) whether abandonment occurred by operation of law and (2) whether a contradictory hearing was required on the Motion to Dismiss. Both of these issues involve the interpretation of La. C.C.P. art. 561. Accordingly, we apply the *de novo* standard of review.

### Issue One: Whether Abandonment Occurred by Operation of Law

"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." La. C.C.P. art. 561(A)(1).[2] According to the language of this provision "abandonment is self-executing, occurring automatically upon the passing of three years without a step being taken by either party and is effective without court order." *Sylvester*, 2024-0310, p. 3, 399 So.3d at 28 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784). Further, La. C.C.P. art. 561(A)(2) states in pertinent part:

---

[2] We note that La. C.C.P. art. 561(A)(1) states, in full, that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, *unless it is a succession proceeding*." (Emphasis added.) Though it is unclear from the writ application if the trial court denied Relators' Motion to Dismiss due to the involvement of a succession, we point out that such a conclusion would be wrong as a matter of law. In *Succession of Mexic*, this Court recognized that the exception for successions in La. C.C.P. art. 561(A)(1) "is in recognition of the fact that *uncontested* succession proceedings may remain open for years while assets are collected and managed, and as nothing is contested, there is no prosecution or defense under this circumstance." (Emphasis added). 1997-1745, p. 3 (La. App. 4 Cir. 4/8/98), 712 So.2d 223, 224. This Court further specified, "[i]t is the succession proceeding that is referred to in [La.] C.C.P. art. 561, not proceedings within the succession proceeding that are contested." *Id.* at p. 6, 712 So.2d at 225 (citation omitted). Based on the foregoing, the succession exception in La. C.C.P. art. 561(A)(1) is inapplicable to this matter.

4

> This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court *shall* enter a formal order of dismissal as of the date of its abandonment.

(Emphasis added.) This Court has explained that "[t]he language of La. C.C.P. art. 561 is clear. An *ex-parte* motion accompanied by an affidavit affirming that no step in the prosecution has been taken timely is sufficient to support an order of dismissal for abandonment." *Sherman,* 2024-0658, p. 7, ___ So.3d at ___, 2025 WL 868804, at *3.

In order to prevent the abandonment of one's suit, the plaintiff must take a "step" in the proceedings which this court has defined as "taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice." *Sylvester*, 2024-0310, p. 4, 399 So.3d at 28 (quoting *Clark v. State Farm Mutual Automobile Insurance Co.*, 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784). Additionally, the step "must be taken in the proceeding and . . . must appear in the record of the suit" and "must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step." *Id.* This Court has thus reasoned that "[w]hen a party fails to take a step in the prosecution of the case during the abandonment period, 'the logical inference is that the party intends to abandon the claim and the law gives effect to this inference.'" *Id.*

Our *de novo* review of the record demonstrates that the last action taken by Respondent in the Collateral Case was the December 8, 2021 filing of a fifth Motion to Continue without Date, which Relators opposed. The Louisiana Supreme Court recently explained that there was previously "inconsistency among

5

the courts of appeal concerning [whether] a motion that seeks to continue trial without date" constituted a "step" in the lawsuit. *Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll. v. Bickham*, 2023-01364, p. 8 (La. 10/25/24), 395 So.3d 792, 800. In *Bickham*, the Louisiana Supreme Court ultimately agreed "with the majority of the courts of appeal that a motion to continue trial without date is not a step in the prosecution or defense of a lawsuit" because "it does not hasten a matter towards judgment." *Id.* at pp. 9-10, 395 So.3d at 801. "To the contrary, the continuance of a trial without date delays the case, neither advances nor forwards its progress, and does not evidence any intention to hasten the case towards a conclusion. It simply brings the matter to a standstill." *Id.* Regardless, even if Respondent's most recent action is viewed as a "step" in the proceedings, it still occurred more than three years before Relators filed their Motion to Dismiss on April 29, 2025.

We therefore find that there has been no step taken in the prosecution or defense of the Collateral Case within the three years preceding Relators' April 29, 2025 filing of the Motion to Dismiss. Attached to Relators' Motion to Dismiss was an affidavit by their attorney which stated "I have searched the court records in the above matters, Docket Nos. 2011-9918 [the Original Succession Proceeding] and 2019-06902 [the Collateral Case], and determined that no step has been taken by [Relators] or [Respondent] in the prosecution of either of those now-consolidated matters for more than three years." Upon filing their Motion to Dismiss with the accompanying affidavit affirming that no step in the prosecution has been taken, Relators were entitled to an order of dismissal. The trial court erred in denying Relators' Motion to Dismiss.

## Issue Two: Whether Relators' Motion to Dismiss Required a Contradictory Hearing

We next address whether the trial court erred in determining that Relators' Motion to Dismiss needed to be set for a contradictory hearing. As stated previously, this Court has explained that "[t]he language of La. C.C.P. art. 561 is clear. An *ex-parte* motion accompanied by an affidavit affirming that no step in the prosecution has been taken timely is sufficient to support an order of dismissal for abandonment." *Sherman,* 2024-0658, p. 7, ___ So.3d at ___, 2025 WL 868804, at *3. Furthermore, La. C.C.P. art. 963(A) provides that, "[i]f the order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party." As this Court recently held, because "[t]he article on abandonment permits the mover to obtain a dismissal upon the filing of an *ex-parte* motion with an accompanying affidavit" and because "La. C.C.P. art. 963, permits the court to grant an order *ex-parte* without notice to the adverse party," reading these Articles in pari materia establishes that "[a] contradictory hearing [is] not required" before a trial court grants a motion to dismiss on the basis of abandonment. *Sherman,* 2024-0658, p. 8, ___ So.3d at ___, 2025 WL 868804, at *3.

The Louisiana First and Fifth Circuit Courts of Appeal have actually held that "[i]t is *improper* for the trial court to set a motion to dismiss on the basis of abandonment [for a contradictory hearing] instead of signing an order of dismissal ex parte as required by La. C.C.P. art. 561(A)(3)." *Cassilli v. Summerfield Apartments, LLC*, 2021-261, p. 3 (La. App. 5 Cir. 1/26/22), 336 So.3d 554, 557 (emphasis added) (quoting *Hancock Bank of La. v. Robinson*, 2020-0791, p. 5 (La. App. 1 Cir. 3/11/21), 322 So.3d 307, 311). The Louisiana Third Circuit Court of

7

Appeal has similarly held that La. C.C.P. art. "561 does not provide the trial court the option of ordering a contradictory hearing when it receives a properly supported ex parte order." *Pinncacle Constr. Grp., L.L.C. v. Devere Swepco JV, LLC*, 2023-551, p. 7 (La. App. 3 Cir. 2/28/24), 380 So.3d 878, 885. To this end, we reiterate that La. C.C.P. art. 561(A)(2) states that if a party files an ex parte motion and supporting affidavit regarding the lack of timely steps "taken in the prosecution or defense of an action," then "the trial court *shall* enter a formal order of dismissal as of the date of its abandonment" (emphasis added). As explained by this Court, "[i]n [Louisiana], the word 'shall' is mandatory." *Chapital v. Orleans Par. Sch. Bd.*, 2000-0646, pp. 15-16 (La. App. 4 Cir. 2/7/01), 780 So.2d 1110, 1119.

Our *de novo* review of the record shows Relators properly attached an affidavit to their Motion to Dismiss, which stated that no steps had been taken in the prosecution or defense of the case in three years. By so doing, Relators complied with La. C.C.P. art. 561(A)(2). The trial court made no findings of deficiency concerning Relators' affidavit. Thus, considering the foregoing codal articles and jurisprudence, the trial court had no discretion to set Relators' Motion to Dismiss for a contradictory hearing. Rather, the trial court was required to grant Relators' Motion to Dismiss and legally erred in not doing so.

**DECREE**

For the foregoing reasons, we find the Collateral Case (CDC case number 2019-06902) was abandoned as a matter of law. Accordingly, we grant Realtors' writ application; reverse the trial court's May 20, 2025 order which denied Relators' Motion to Dismiss; and render judgment holding that the Collateral Case (CDC case number 2019-06902) has been abandoned.

**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**