ELLIS, Judge:
This is a workmen’s compensation suit brought by plaintiff Earl E. Vercher against D. J. McDuffie Well Service, Inc., his employer, and Employers Mutual of Wausau, its insurer. When the suit was filed, Mr. Vercher was represented by Neal N. Bagwell, attorney at law. Attached to the petition were a motion to permit the filing of the suit in forma pauperis, accompanied by properly executed affidavits, and an order. The order was never signed, and service was never made on the defendants. No further action was taken in the suit for a period of over five years.
On May 10, 1971, a suit was filed by Mr. Vercher against Mr. Bagwell, for damages arising out of the failure of Mr. Bag-well to prosecute this workmen’s compensation claim. To the damage suit, Mr. Bag-well filed an exception of prematurity, alleging that the instant case had not been dismissed and was still pending on the docket of the 19th Judicial District Court. At the hearing on that exception, the trial judge, on his own motion, considered the question of the abandonment of this suit, and, on May 10, 1972, signed a judgment of dismissal as of non-suit.
On the same day, Mr. Bagwell intervened herein and filed a motion to set aside the judgment of dismissal. On June S, 1972, a hearing was held, and the intervention permitted. However, the motion to set aside the judgment of dismissal was denied. From the judgments of May 10 and June 5, 1972, intervenor has appealed.
In this court, Mr. Bagwell contends that the failure to prosecute the suit was due to *629 circumstances beyond the control of plaintiff and of intervenor. It is argued that the failure of the district judge to sign the forma pauperis order, and the failure of the clerk of court to issue citations for service on the defendants were circumstances beyond his control.
It is true that when the failure to prosecute a case is due to circumstances beyond the control of a plaintiff, the suit will not be considered abandoned. LeBlanc v. Thibodaux, 162 So.2d 753 (La.App. 1 Cir. 1964); Pounds v. Yancy, 224 So.2d 1 (La.App. 1 Cir. 1969).
However, such circumstances do not exist in this case. If plaintiff or his counsel were without a remedy when the judge failed or refused to sign the order, there might be some merit to- intervenor’s position. The law provides such remedies, however, and the failure to exercise them is fatal to intervenor’s appeal. As a practical matter, a conversation with the district judge might have corrected an oversight. An evidentiary hearing could have been provoked before the trial judge to show the truth of the facts alleged in the affidavits attached to the petition. Further relief is available from the appellate courts.
As we said in Bell v. Staring, 170 So. 502 (La.App. 1 Cir. 1936):
If plaintiff has it within his power to take some action to further his suit to a final judgment, no neglect or fault of a court official, nor misapprehension of fact on his part, will justify his failure to take steps in the prosecution of his suit for more than five years.”
We are of the opinion that the trial judge was correct in finding this case abandoned. The judgments appealed from are affirmed, at intervenor’s cost.
Affirmed.