579 So.2d 1164 (1991)
SUCCESSION OF Lillie Williams KNOX.
No. 22368-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
*1165 Pinkie C. Wilkerson, Grambling, for appellant.
Teat and Avery by Jimmy C. Teat, Jonesboro, for appellees.
Before NORRIS, BROWN and STEWART, JJ.
BROWN, Judge.
Lillie Williams Knox died on August 12, 1983. An olographic testament dated July 9, 1975 was probated and the named heirs, Lou Ella Williams and Ray Nebron Williams, were sent into possession by judgment dated August 31, 1983.
On March 14, 1984 the deceased's sister, Martiel Williams Watkins, filed in the succession proceeding a Petition for Nullity of Judgment asking that the judgment of possession be set aside. She contended that the olographic testament of 1975 was null and void due to the existence of a later statutory testament dated June 24, 1983 [1]. Defendants Lou Ella Williams and Ray Williams answered the petition on April 10, 1984 and reconvened alleging that the purported statutory testament was invalid as the signature was not that of the testatrix or alternatively, the testatrix lacked the capacity to sign. No other pleadings are filed in the record.
On April 25, 1989 defendants filed an ex parte motion which was signed by the district court declaring that the suit to nullify the judgment of possession was dismissed due to abandonment. Martiel Williams next filed a petition to set aside the dismissal of her nullity suit, to which defendants filed an exception of no cause of action. The exception was sustained and judgment in favor of the defendants was signed on March 29, 1990. This appeal by plaintiff is from the granting of the exception of no cause of action to the petition to set aside the dismissal. We affirm.

DISCUSSION
The primary issue presented in this appeal is whether the trial court erred in dismissing plaintiff's petition to nullify the judgment of possession for failure to take any step in its prosecution for five years.
LSA-C.C.P. Article 561 provides:
Art. 561. Abandonment in trial and appellate court
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding:
(1) Which has been opened;

*1166 (2) In which an administrator or executor has been appointed; or
(3) In which a testament has been probated.
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
A suit for nullity of a judgment of possession is not a succession proceeding as described in LSA-C.C.P. Art. 561(A) and is subject to the five year abandonment rule. See and compare Succession of Kinchen, 391 So.2d 1278 (La.App. 1st Cir.1980), in which a petition filed after rendition of a judgment of possession in an intestate succession was dismissed as abandoned under the provisions of LSA-C.C.P. Art. 561[2]. In Succession of John Everett Overton, Sr., 422 So.2d 1356 (La.App. 1st Cir.1982), an action to set aside a sale to one of decedent's children as a donation in disguise and to return the property to the mass of the father's estate was dismissed under LSA-C.C.P. Art. 561 for failure to prosecute even though it related to a succession proceeding.
Two jurisprudential exceptions to the five-year rule of abandonment are recognized:
(1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See LSA-C.C.P. Art. 561, Comment (c) (1960) and authorities cited therein. Properly viewed, these two exceptions evidence two well-established rules of prescription: (1) prescription does not run against one who is unable to interrupt it (contra non valentem agere nulla currit prescriptio), and (2) prescription may be interrupted by acknowledgment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La. 1975).
In her Petition to Set Aside Dismissal of Suit, plaintiff alleges that she brought suit, employed attorneys, was unaware that her attorneys were not prosecuting her suit or that it could be dismissed for failure to prosecute, was not notified of the ex parte motion to dismiss, had no opportunity to present the purportedly valid will and was deprived of her legal rights.
The allegation that plaintiff's attorneys failed to prosecute the action is not sufficient to avoid abandonment on grounds of circumstances beyond plaintiff's control. See Prater v. Schuylkill Products Co., Inc., 281 So.2d 829 (La.App. 1st Cir.1973), writ denied, 282 So.2d 719 (1973), and Vercher v. D.J. McDuffie Well Service, Inc., 271 So.2d 627 (La.App. 1st Cir.1972), writ denied, 273 So.2d 847 (1973). The allegation that plaintiff received no notice of the motion to dismiss is not sufficient because abandonment occurs by operation of law. Art. 561, supra. Plaintiff alleges no facts to show interruption by acknowledgment or waiver through some act of the defendant. Cf. Melancon, supra.
Nor do plaintiff's allegations state a reason to set aside the dismissal of her lawsuit under LSA-C.C.P. Art. 2004. Under Art. 2004, any final judgment obtained by fraud or ill practices may be annulled. Plaintiff contends that she states a cause of action by pleading the fact (in addition to those facts set forth above) that the judgment dismissing her lawsuit for failure to prosecute operates as a "deprivation of the legal rights of petitioner".
The crucial fact not alleged is some improper practice or procedure utilized by the defendant to obtain the dismissal which *1167 operates to deprive plaintiff of a legal right. Plaintiff's inattention to her lawsuit is the result of her own fault and not of defendants. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
The record is devoid of any reference whatsoever of any improper practice or procedure, innocent or intentional, by the defendants prior to the accrual of abandonment. Under LSA-C.C.P. Art. 561 abandonment takes place automatically after five years. Nothing plaintiff, defendant or the trial court did after the accrual of abandonment has any legal effect in so far as LSA-C.C.P. Art. 2004 is concerned.[3] Thus, accepting all of plaintiff's well-pleaded allegations of fact as correct, there is no cause of action stated to set aside the judgment dismissing her law suit for lack of prosecution.
The purpose of the peremptory exception of no cause of action was to test the legal sufficiency of the petition to set aside the dismissal. The standard for such a test is that the well-pleaded facts must be accepted as true to determine if they disclose a cause of action. LSA-C.C.P. Art. 931, Riddle v. Simmons, 548 So.2d 113 (La.App. 2d Cir.1989). As we have discussed, the facts pled do not set forth a cause of action. Therefore, the exception of no cause of action was correctly sustained and the petition to set aside the dismissal was properly denied. The ex parte motion to dismiss the original action to nullify the judgment of possession for failure to prosecute was in order.
Plaintiff additionally complains that the trial court allowed defense counsel to argue where he had not filed a memorandum of authorities with his exception. Plaintiff contends that this violates Rule 10 of the Second Judicial District Rules of Court. The record reflects that the trial court found compliance with Rule 10 because the exception and memorandum of authorities were combined in one pleading. We cannot say that the trial court was clearly wrong in its determination that the pleading complied with Rule 10. In any event it would be harmless error and has no merit.

DECREE
The judgment of the trial court is affirmed. Costs are assessed to the appellant. AFFIRMED.
NOTES
[1] The petition for nullity alleges that the statutory will was probated under Docket Number 5-041. Whether or not the statutory will was probated under Docket Number 5-041 cannot be ascertained from the record. However, the record is clear that the petition for nullity was under Docket Number 4-995 from which the judgment of possession arose.
[2] This was not the primary issue as a different lawsuit was filed by the same alleged heir after the dismissal.
[3] Once abandonment has occurred a defendant can do something that constitutes a waiver; however, in this case defendant did nothing except to move to dismiss.