h McMANUS, Judge.
In this appeal, we affirm the judgment of the trial court dismissing the Clarks’ suit as abandoned.
A suit for damages was filed by Appellants, the Clarks, on January 14, 1994. A handful of additional pleadings was subsequently filed into the record, some by the Clarks, some by the Appellee, and all within two years of the original petition.
*28 On August 16, 1995, Appellee filed an answer and request for notice of judgment. However, the matter was never brought to trial or otherwise disposed of, and no further activity was recorded until March 9, 2000, when the Clarks filed a motion to compel answers to discovery.
Appellee’s Rule to Show Cause Why Action Should Not Be Dismissed was filed on April 18, 2000; a hearing on the rule, at which the Clarks’ attorney was present, was held on May 9, 2000.
The judgment dismissing the action was signed on May 11, 2000.
The Clarks’ motion for devolutive appeal was timely filed.
The Clarks now argue that the matter had not been abandoned: they suggest that the parties had been “in the discovery phase of litigation” and “actively attempting to resolve” the matter when it was precipitately dismissed. They also argue that the trial judge improperly applied an amendment to the abandonment articles in the instant matter.
| pLSA-C.C.P. art. 561 provides,- in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party ... which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.[1]
The article is operative, and the dismissal effective, as soon as this interval has expired. An actual judgment is not necessary to ratify or confirm the fact of abandonment. See Camaille v. Shell Oil Co., 542 So.2d 663, 664 (La.App. 5 Cir. 1989). Post abandonment actions are “in-efficacious” to counteract application of the article. Semel v. Green, 252 La. 386, 394, 211 So.2d 300, 304 (La.1968). The record here shows without question that three years had passed between Appellee’s answer, filed in August of 1995, and the Clarks’ motion to compel answers to interrogatories, filed in March of 2000. The Clarks’ motion, therefore, could not revive the instant action, abandoned as of August 16,1998.
Neither are the Clarks’ arguments — that the three year period is inapplicable — availing. The Clarks argue that a 1997 amendment to article 561 which reduced the abandonment period from five years to the three years, and which went into effect while their suit was pending, is not applicable. There is no question, however, that the amendment to the article may be applied retroactively. Dempster v. Louisiana Health Services & Indem. Co., 98-1112 (La.App. 5 Cir. 3/10/99), 730 So.2d 524.[2]
The three year period is applicable to the Clarks’ action; the action was abandoned by operation of law as of August, 16, 1998; the trial judge was correct to have *29 signed the judgment declaring the matter abandoned.
Therefore, for the above reasons, we affirm the judgment of the trial court.
AFFIRMED.

. Because the Clark's attorney was present at the hearing, held before the abandonment judgment was granted, provisions in the article regarding post (genuinely ex parte) judgment hearings are not applicable here.

. Though the Clarks argue that they were denied the opportunity to take advantage of a grace period provided by the amendment, in this instance even the amended three year period did not toll until after the grace period had expired. Plaintiffs in their position, therefore, had no need to resort to the reprieve offered in the amendment.