855 So.2d 926 (2003)
SUCCESSION OF Clem WRIGHT.
No. 37,670-CA.
Court of Appeals of Louisiana, Second Circuit.
September 24, 2003.
*927 Bleich & Burnett, APLC, by G. Wade Burnett, for Appellant, Sara Drayton Albritton.
David Rabb, Jr., for Appellee, Floyd H. Washington.
Coyle & Green, LLC, by Michael S. Coyle, for Appellee, William S. Baldwin, Intervenor.
Before BROWN, STEWART, and GASKINS, JJ.
BROWN, C.J.
Plaintiff appeals a judgment dismissing her petition on grounds of abandonment. We affirm.

FACTS
Clem Wright died on December 16, 1989. He was alleged to be 106 years old. A judgment of possession dated March 28, 1990, placed Clem Wright's son and sole heir, John Henry Wright, into possession of a one-half interest in a 24-acre tract of immovable property in Lincoln Parish. The tract was community property; the owner of the other half being Wright's surviving spouse, Annie Mitchell Wright. The judgment was based on the assertion that Clem Wright had died intestate. On April 24, 1990, John Wright donated the immovable property to his son, Floyd Washington.
On January 19, 1994, plaintiff, Sarah Drayton Albritton, filed a petition against Annie Mitchell Wright and Floyd Washington to reopen the succession and to annul the donation to Washington. By this time, John Henry Wright had died. Plaintiff asserted Clem Wright was a great uncle that she took care of in his declining years. Plaintiff produced what was purported to be a last will and testament dated September 22, 1989, which conveyed to her and John Wright "equal proportions" of Clem Wright's immovable property. On May 20, 1994, a judgment was rendered denying exceptions of no right and cause of action filed by Washington; an exception of vagueness by Annie Mitchell Wright was sustained and claims against her were dismissed. The record contains nothing thereafter until February 10, 2000, when Washington filed a motion to dismiss the suit on grounds of abandonment.
*928 A contradictory hearing on the abandonment claim was set for February 28, 2000. On that date, no one appeared for plaintiff, and plaintiff's claim was dismissed with prejudice.
On April 24, 2001, plaintiff filed a motion to set aside the dismissal. Because the evidence indicated that plaintiff was not served with the rule setting the contradictory hearing, her motion for a new trial was granted. On August 6, 2001, Washington conveyed his interest in the property to William Baldwin, by a quit-claim deed for a stated consideration of $140,000. Baldwin thereafter intervened to enforce his right to the property. On September 12, 2001, Washington appeared and testified by deposition pursuant to plaintiff's request.
On September 9, 2002, a contradictory hearing on the issue of abandonment was held. The court again dismissed plaintiff's claim. On December 6, 2002, a final judgment was signed, from which plaintiff has appealed.

DISCUSSION
La. C.C.P. art. 561 provides in part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
An action for nullity of a judgment of possession is not such a succession proceeding as contemplated in C.C.P. art. 561A(1) and is subject to the three year abandonment rule. Succession of Knox, 579 So.2d 1164 (La.App. 2d Cir.1991). The exception in La. C.C.P. art. 561 applies to uncontested opened successions and recognizes that uncontested proceedings may remain open for years while assets are collected and managed. There is no prosecution or defense under these circumstances. Succession of Mexic, 97-1745 (La.App. 4th Cir.04/08/98), 712 So.2d 223.
Article 561 has been construed as imposing three requirements on plaintiffs. Clark v. State Farm Mutual Automobile Insurance Co., 00-3010 (La.05/15/01), 785 So.2d 779. First, plaintiffs must take some "step" towards prosecution of their lawsuit. Id. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. See La. C.C.P. art. 1446(D)(noting "taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings"); and La. C.C.P. art. 1474(C)(4)(similarly providing *929 for discovery materials). Second, the "step" must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the "step" must be taken within the legislatively prescribed time period. Id.
La. C.C.P. art. 561 provides that abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Id. There are two well-established jurisprudential exceptions: (1) a plaintiff demonstrates that the failure to prosecute was caused by circumstances beyond the plaintiff's control; or (2) it is shown that the defendant waived his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, 785 So.2d at 785. Only the latter, the waiver exception, is relevant to this case.

Defendant's Informal Negotiations
At all times between May 20, 1994, and February 10, 2000, when the motion to dismiss for abandonment was filed, plaintiff was represented by counsel. However, plaintiff contends that informal settlement discussions between herself and defendant, as well as the attorneys, were sufficient to constitute a waiver of the abandonment claim.
"Extrajudicial efforts," such as informal settlement negotiations between the parties, have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment. Clark, supra, at 790; Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise, Vol. 1, Civil Procedure, § 10.4 p. 242 (1999). The requirement of "some formal action before the court" distinguishes such conduct.
The purpose of this "formal action" requirement has been summarized as follows:
The courts have refused to characterize matters outside the record as steps in the prosecution of the suit because: (a) of the uncertainty of accepting informal non-legal proceedings as a step preventing abandonment; or (b) of the ex parte, informal nature of the action, without formal notice to the opposing party, as being an insufficient step in the advancement of the suit.
Clark, 785 So.2d at 790, quoting DeClouet v. Kansas City Southern Railway Co., 176 So.2d 471, 476 (La.App. 3d Cir.1965).
Plaintiff relies upon the Clark case for the proposition that her action is not abandoned; however, the supreme court in Clark firmly distinguishes settlement negotiations from an unconditional tender. The court recognized that settlement negotiations have long been held insufficient to constitute a step for purposes of interrupting prescription. Id. at 790. Unlike the Clark case, in the instant matter there was nothing binding upon either plaintiff or defendant. There were only informal discussions. No unconditional tender was made by either plaintiff or defendant. The factual situation in Clark is inapplicable to the case at hand.
Furthermore, the purpose of the rule requiring a party's action to be on the record is to ensure notice that something occurred that interrupted or waived the abandonment. The purpose underlying the rule is not present here. Nothing herein demonstrates a waiver.

Timing of Defendant's Actions Constituting a Waiver
The second argument asserted by plaintiff is that even though defendant had filed a motion to dismiss for abandonment on February 10, 2000, defendant's subsequent appearance at a deposition on September 12, 2001, which was scheduled *930 by plaintiff's counsel, served as a waiver of his right to plead abandonment.
Unlike a plaintiff, a defendant's post-abandonment actions can serve to waive his right to plead abandonment. Maraist Lemmon, supra, § 10.4 at 243; Middleton v. Middleton, 526 So.2d 859 (La.App. 2d Cir.1988).
Plaintiff argues that defendant's appearance at a deposition scheduled by plaintiff after defendant's motion to dismiss on grounds of abandonment was filed acts as a waiver of his right to assert that plaintiff's suit was abandoned. La. C.C.P. art. 561 does recognize that a deposition is deemed a formal step in the prosecution or defense of an action; however, the reference must be read in connection with the entirety of the article which sets forth that the action in prosecution or defense must be taken within the three year limitation.
For all defendant knew, the deposition which was set by plaintiff was for the purpose of obtaining information regarding the abandonment issue. Defendant presumably felt secure in appearing for the deposition because the motion to dismiss the suit on grounds of abandonment had already been filed prior to his appearance at the deposition.[1] Thus, a deposition notice after the three year period is not a step in the prosecution of the case, nor does such an appearance represent an intent to waive the right to assert abandonment.

CONCLUSION
For the reasons set forth above, we affirm the trial court's dismissal of plaintiff's, Sarah Albritton's, case as abandoned.
Affirmed.
NOTES
[1] Obviously, the better procedure would have been to file for a protective order.