PER CURIAM.*
1 jThe last step in the prosecution or defense of this action occurred on July 20, 2006, when defendant filed an answer to plaintiffs supplemental and amending petition.[1] Although plaintiff attempted to serve interrogatories on defendant on October 15, 2009, the abandonment period already had run.[2] Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779.
Accordingly, the writ is granted. The judgments of the lower courts are reversed, and judgment is rendered in favor of defendant, dismissing plaintiffs suit as abandoned.

 Chief Justice Kimball not participating in the opinion.

. On September 15, 2007, defendant filed a notice of change of address into the record. A change of address does not to constitute a step in the prosecution or defense of the action. True Gospel of Jesus Christ Church Ministry v. Doucette, 08-0634 (La.App. 4 Cir. 11/19/08), 999 So.2d 795. The record also indicates the bankruptcy trustee made a deposit into the registry of the court on April 23, 2008. Because the trustee is not a party to this action, this filing cannot constitute a step in the prosecution or defense of the action. See Louisiana Department of Transportation and Development v. Oilfield Heavy Haulers, LLC, 11-912 (La. 12/6/11), 79 So.3d 978

. Defendant argues plaintiff mailed these interrogatories to an incorrect address, and they were never delivered. Because we find the mailing of the interrogatories was done outside of the abandonment period, we need not decide whether the mailing of discovery not delivered can constitute "service" for purposes of La.Code Civ. P. art. 561(B).