STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-356

SUCCESSION OF LINDA DIANN AYMOND ROBERTS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 38,824 DIV "F"
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

Cooks, J., dissents and assigns reasons.

**AFFIRMED.**

**Jeffrey L. Buelow**
**In Proper Person**
**1710 Powell Lane**
**Alexandria, Louisiana 71303**
**(318) 730-3302**

**William M. Ford**
**Susan Ford Fiser**
**The Ford Law Firm**
**1630 Metro Drive**
**Alexandria, Louisiana 71301**
**(318) 442-8899**
**COUNSEL FOR APPELLEE:**
      **Donald Melvin Roberts**

**GENOVESE, Judge.**

Jeffrey L. Buelow appeals the trial court's judgment dismissing his Petition to Annul Judgment of Possession rendered in the succession of his mother, Linda Diann Aymond Roberts, on the grounds of abandonment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Linda Diann Aymond Roberts died on July 28, 2009. Mrs. Roberts was married three times. Two children were born of Mrs. Roberts' marriage to her first husband, William Leo Buelow: namely, William Louis Buelow and Jeffrey Lee Buelow, Plaintiff herein. These were Mrs. Roberts' only children. Following a divorce, Mrs. Roberts married and later divorced Walter Dugas. At the time of her death, Mrs. Roberts was married to Donald Melvin Roberts.

Mrs. Roberts executed a Last Will and Testament on January 15, 1999, designating Mr. Roberts as her executor. On August 26, 2009, Mr. Roberts opened Mrs. Roberts' succession in the Ninth Judicial District Court, in Rapides Parish, without the appointment of an executor. On that same day, the trial court signed a Judgment of Possession in Mrs. Roberts' succession thereby completing and closing the succession proceeding.

On May 26, 2010, Jeffrey Buelow filed a Petition to Annul Judgment of Possession seeking to have the Judgment of Possession issued in his mother's succession declared a nullity. Mr. Buelow's petition was assigned the same docket number as the succession proceeding and was filed therein.

On June 16, 2010, Mr. Roberts filed a Dilatory Exception of Vagueness. Following a hearing, the trial court sustained the exception and ordered Mr. Buelow to amend his petition within fifteen days to remove and cure the defect in

his pleadings. On August 9, 2010, the trial court signed an order dismissing Mr. Buelow's Petition to Annul Judgment of Possession since he failed to amend his original pleading within the fifteen days as ordered.

Mr. Buelow filed a second Petition to Annul Judgment of Possession on August 30, 2010. Mr. Roberts filed an answer thereto on November 18, 2010.

On October 24, 2014, Mr. Roberts filed a Motion to Dismiss on Ground of Abandonment of Action. The trial court signed an order dismissing the Petition to Annul Judgment of Possession on November 3, 2014.

Mr. Buelow, pro se, filed a Request Hearing on the Motion to Dismiss on Ground of Abandonment of Action on November 19, 2014. Following a hearing, the trial court reaffirmed its dismissal of Mr. Buelow's action based on abandonment and signed a concomitant judgment on January 5, 2015. From said judgment, Mr. Buelow appeals.

## ASSIGNMENT OF ERROR

Mr. Buelow contends that the trial court committed legal error in dismissing his Petition to Annul Judgment of Possession on the grounds of abandonment.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 561 governs the abandonment of a civil action providing, in relevant part, as follows:

> A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
>
> (a) Which has been opened;
>
> (b) In which an administrator or executor has been appointed;
> or
>
> (c) In which a testament has been probated.

2

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

. . . .

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Under La.Code Civ.P. art. 561, an action "is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." La.Code Civ.P. art. 561(A)(1). "A party takes a 'step' in the prosecution or defense of a suit when he takes formal action, before the court, intended to hasten the matter to judgment. *Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983)." *Hercules Offshore, Inc. v. Lafayette Parish Sch. Bd., Sales & Use Tax Dep't*, 14-701, p. 2 (La.App. 3 Cir. 2/11/15), 157 So.3d 1177, 1180. The court in *Clark v. Southern Tire Service, Inc.*, 00-1548, p. 2 (La.App. 5 Cir. 2/14/01), 782 So.2d 27, 28, explained:

The article is operative, and the dismissal effective, as soon as this interval has expired. An actual judgment is not necessary to ratify or confirm the fact of abandonment. *See Camaille v. Shell Oil Co.*, 542 So.2d 663, 664 (La.App. 5 Cir.1989). Post abandonment actions are "inefficacious" to counteract application of the article. *Semel v. Green*, 252 La. 386, 394, 211 So.2d 300, 304 (La.1968). The record here shows without question that three years had passed between Appellee's answer, filed in August of 1995, and the Clarks' motion to compel answers to interrogatories, filed in March of 2000. The Clarks' motion, therefore, could not revive the instant action, abandoned as of August 16, 1998.

3

The Louisiana Supreme Court in *Murray v. Brown*, 12-2149, p. 1 (La. 12/14/12), 102 So.3d 777, 778, noted "[o]nce abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779." This court, in *Morgan v. Louisiana Department of Public Safety & Corrections*, 08-750, p. 3 (La.App. 3 Cir. 12/10/08), 24 So.3d 208, 211, *writ denied*, 09-2834 (La. 3/5/10), 28 So.3d 1012, similarly wrote:

> It is important to note that the abandonment provision is self-executing such that it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order. La.Code Civ.P. art. 561; *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779.

On appeal, Mr. Buelow, who is representing himself, makes several arguments as to why his dismissal on the grounds of abandonment was erroneous. First, he contends that he took action in furtherance of the prosecution of his claim which was sufficient to interrupt the three-year period found in La.Code Civ.P. art. 561. Specifically, Mr. Buelow asserts that a he filed a Notice of Deposition, and a subpoena to appear for said deposition was issued on September 23, 2014; therefore, the abandonment should be set aside. We find no merit to this contention.

As counsel for Mr. Roberts notes, before the Notice of Deposition was filed and the subpoena was issued, three years had already elapsed, and the Petition to Annul Judgment of Possession was automatically abandoned under La.Code Civ.P. art. 561. We agree and find the record establishes that, after the initial filing of the Petition to Annul the Judgment of Possession, three years elapsed without a step being taken in the prosecution of the case. Mr. Buelow's subsequent action does

4

not serve to "revive" the action. *Clark v. S. Tire Serv., Inc.*, 782 So.2d at 28; *Murray*, 102 So.3d 777.

We also find Mr. Buelow's argument that his attorney allegedly failed to advance his interests is not a factor that serves to defeat a dismissal based on abandonment. Mr. Buelow had three years to check on the status of his case, yet failed to do so until over three years had passed with no action being taken. The court in *Matthews v. Fontenot*, 99-484, p. 3 (La.App. 4 Cir. 9/29/99), 745 So.2d 691, 693, addressed a similar argument of attorney neglect, and stated:

> Similarly, the plaintiffs' allegations of attorney neglect and/or misconduct are insufficient, even if proven, to avoid a judgment of dismissal for abandonment. Although an exception to the operation of Article 561 has been recognized when the failure to prosecute results from circumstances beyond the party's control, this court has previously ruled that an attorney's inaction does not fall within this exception. *Courtney v. Henderson*, 602 So.2d 95, 96-97 (La.App. 4th Cir.1992); *see also Willey v. Roberts*, 95-1037, p. 6 (La.App. 1st Cir.12/15/95), 664 So.2d 1371, 1376, *writ denied*, 96-0164 (La.3/15/96), 669 So.2d 422; *Haisty v. State DOTD,* 25,670, pp. 2-4 (La.App. 2d Cir.3/30/94), 634 So.2d 919, 921-22. Therefore, this argument for reversal of the judgment below is unavailing.

Thus, even assuming that there was attorney neglect on the part of Mr. Buelow's prior counsel, this does not serve to avoid the entry of a judgment of dismissal on the grounds of abandonment.

Mr. Buelow also argues that his Petition to Annul Judgment of Possession was erroneously dismissed on the grounds of abandonment because it falls within the exception contained in La.Code Civ.P. art. 561(A)(1), which provides an exception to the three-year period for abandonment if "it is a succession proceeding: (a) Which has been opened; (b) In which an administrator or executor has been appointed; or (c) In which a testament has been probated." We find that this exception is inapplicable in this case.

The record reflects that the succession of Mrs. Roberts was opened and completed on August 26, 2009, that no administrator or executor was appointed, and that the testament was probated on the same date, along with the trial's court signing a Judgment of Possession. Therefore, two of the three requirements contained in La.Code Civ.P. art. 561(A)(1) are satisfied. However, we do not agree with Mr. Buelow that his Petition to Annul Judgment of Possession is "a succession proceeding." *Id.*

Our conclusion herein is supported by the following jurisprudence cited by Mr. Roberts in his brief to this court. The second circuit has considered this issue in the matters of *Succession of Knox*, 579 So.2d 1164 (La.App. 2 Cir. 1991), and *Succession of Wright*, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, *writ denied*, 03-2969 (La. 1/16/04), 864 So.2d 632.

In *Succession of Knox*, 579 So.2d 1164, following the death of Ms. Knox, her will was probated and the heirs were put into possession on August 31, 1983. On March 14, 1984, Ms. Williams, who was not an heir, filed a Petition for Nullity of the Judgment within the succession proceeding. The heirs answered and reconvened on April 10, 1984. On April 25, 1989, pursuant to an ex parte motion, the trial court dismissed the Petition for Nullity of the Judgment on the grounds of abandonment. Thereafter, Ms. Williams filed a petition seeking to have the trial court's dismissal of her suit set aside, and the heirs responded with an exception of no cause of action. The trial court sustained the exception, and Ms. Williams appealed. On appeal, the second circuit considered "whether the trial court erred in

6

dismissing plaintiff's petition to nullify the judgment of possession for failure to take any step in its prosecution for five years."[1]  *Id.* at 1165.  Discussing La.Code Civ.P. art. 561, the court reasoned as follows:

> A suit for nullity of a judgment of possession is not a succession proceeding as described in [La.Code Civ.P. art.] 561(A) and is subject to the five year abandonment rule.  See and compare *Succession of Kinchen*, 391 So.2d 1278 (La.App. 1st Cir.1980), in which a petition filed after rendition of a judgment of possession in an intestate succession was dismissed as abandoned under the provisions of [La.Code Civ.P. art.] 561.  In *Succession of John Everett Overton, Sr.*, 422 So.2d 1356 (La.App. 1st Cir.1982), an action to set aside a sale to one of decedent's children as a donation in disguise and to return the property to the mass of the father's estate was dismissed under [La.Code Civ.P. art.] 561 for failure to prosecute even though it related to a succession proceeding.

*Id.* at 1166 (footnote omitted).  Thus, the second circuit found no error in the trial court's grant of the exception of no cause of action and held that "[t]he ex parte motion to dismiss the original action to nullify the judgment of possession for failure to prosecute was in order." *Id.* at 1167.

In *Succession of Wright*, 855 So.2d at 928, the second circuit cited *Succession of Knox*, and reiterated that "[a]n action for nullity of a judgment of possession is not such a succession proceeding as contemplated in [La.Code Civ.P. art. 561(A)(1),] and is subject to the three year abandonment rule."  The court went on to opine:  "The exception in [La.Code Civ.P.] art. 561 applies to uncontested opened successions and recognizes that uncontested proceedings may remain open for years while assets are collected and managed.  There is no

_____

[1]Louisiana Code of Civil Procedure Article 561 was amended in 1997 to change the abandonment period from five to three years.

prosecution or defense under these circumstances. *Succession of Mexic*, 97-1745 (La.App. 4th Cir.04/08/98), 712 So.2d 223." *Id.*[2]

In this case, we find that Mr. Buelow failed to take a step in the prosecution of this action within La.Code Civ.P. art. 561's requisite three-year period. His efforts relative to the taking of the deposition were done after the three-year period had run and did not serve to preclude the granting of the ex parte motion for abandonment. *Murray*, 102 So.3d 777; *Clark v. S. Tire Serv., Inc.*, 782 So.2d 27. Any allegation of his lawyer's negligence being the cause of his failure to act does not change this result. *Matthews*, 745 So.2d 691. Finally, the present Petition to Annul Judgment of Possession is not a succession proceeding pursuant to La.Code Civ.P. art. 561, the succession having been opened and completed on August 26, 2009. *Succession of Knox*, 579 So.2d 1164; *Succession of Wright*, 855 So.2d 926. This was not an active and ongoing succession during the three-year abandonment period. Therefore, for the foregoing reasons, we find no error in the trial court's judgment dismissing Mr. Buelow's petition on the grounds of abandonment.[3]

---

[2]In reaching our conclusion herein, we are mindful of *Succession of Mizell*, 97-127, p. 3 (La.App. 1 Cir. 2/20/98), 708 So.2d 805, 806, n.4, *writ denied*, 98-1056 (La. 5/29/98), 720 So.2d 670, in which, in dicta, the first circuit stated: "The trial court erred in concluding that Mr. Jarrell's petition to annul the probated testament was not excepted from the 5-year abandonment rule of La.[Code Civ.P.] art. 561, as his petition was part of the succession proceeding filed herein." However, the first circuit acknowledged that it did not actually reach that issue, since it found that Mr. Jarrell's challenge to the dismissal on the grounds of abandonment was itself untimely, having been filed over three years after the trial court dismissed his petition to annul a probated testament. Moreover, in *Succession of Mizell*, although the testament had been probated, other matters were still being contested including whether Mr. Jarrell was actually married to the decedent; thus, the succession proceeding had not yet been concluded.

[3]In *Gravlee v. Gravlee*, 11-509, pp. 2-3 (La.App. 3 Cir. 12/7/11), 79 So.3d 1169, 1172, this court has stated the appropriate standard of review as follows:

> Whether a party has taken a step in the prosecution of a case is a question of fact, subject to a manifest error standard of review. *Gueldner v. Allstate Ins. Co.*, 09-720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143 (citing *Hutchison v. Seariver Mar., Inc.*, 09-410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, *writ denied*, 09-2216 (La. 12/18/09), 23 So.3d 946). On the other hand, whether the act precludes abandonment is a question of law that is reviewed de novo. *Id.*

## DECREE

For the reasons assigned, the judgment of the trial court dismissing Jeffrey L. Buelow's Petition to Annul Judgment of Possession on the grounds of abandonment is affirmed. Costs of this appeal are assessed to Jeffrey L. Buelow.

**AFFIRMED.**

SUCCESSION OF LINDA AYMOND ROBERTS


**COOKS, J., dissenting.**

I respectfully dissent from the majority's affirmance of the trial court's judgment dismissing Mr. Buelow's petition to annul the judgment of possession on the grounds of abandonment. I find merit in Mr. Buelow's argument that his petition to annul cannot be dismissed on abandonment grounds because it fits into the Article 561 exception for succession proceedings. Article 561 clearly provides an exception to an abandonment proceeding for "a succession proceeding: (1) Which has opened; (2) In which an administrator or executor has been appointed; or (3) In which a testament has been probated." In this case, although Linda Robert's testament designated Donald Roberts as her executor, no executor was appointed nor confirmed by the trial court. The succession was opened on August 26, 2009, and a Judgment of Possession was signed and entered in the succession proceeding by the district judge that same day, completing and closing the probate proceeding. Concerning the three listed characteristics set forth, Article 561 clearly states "or," thus indicating not all three are required for the exception to be applicable. As two of the three are met in this case (on its face), it appears the exception is applicable here.

The majority disagrees that the exception applies herein, pointing to the case of *Succession of Knox*, 579 So.2d 1164, 1166 (La.App. 2 Cir. 1991), as indicative that "[a] suit for nullity of a judgment of possession is not a succession proceeding as described in [La.Code Civ.P.] Art. 561(A) and is subject to the five year

abandonment rule."[1]   This opinion was cited favorably in another second circuit case, *Succession of Wright*, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, *writ denied*, 03-2969 (La. 1/16/04), 864 So.2d 632, which also cited a fourth circuit case, *Succession of Mexic*, 97-1745, p. 3 (La.App. 4 Cir. 04/08/98), 712 So.2d 223, 224, wherein that court opined that the exception in La.Code Civ.P. art. 561 "for opened successions is in recognition of the fact that uncontested succession proceedings may remain open for years while assets are collected and managed, and as nothing is contested, there is no prosecution or defense under these circumstances."   The court in *Mexic* adopted a very restrictive reading of the exception provided in Article 561, concluding:

> It is the succession proceeding itself that is referred to in [Article] 561, not proceedings within the succession proceeding that are contested.  Cf. *Succession of Knox*, 579 So.2d 1164 (La.App. 2 Cir.1991).  The judgment of the trial court that is the subject of this appeal did not dismiss the succession.  It merely dismissed a contested action within the succession that was abandoned.

*Id.* at 225.

I respectfully disagree with the above view for several reasons.  Initially, the statute and comments do not expressly provide that any and all "contested" proceedings arising out of an opened succession are excluded from the Article 561 exception for succession proceedings.  If the legislature had desired to exclude "proceedings within the succession proceeding that are contested" from the exception provided in Article 561, it could have clearly stated such.

Secondly, "[t]he jurisprudence has uniformly held that [Article] 561 is to be liberally construed to maintain a plaintiff's suit."  *Clark v. State Farm Mut. Auto. Ins. Co*, 785 So.2d at 785.  The off-quoted statement by the court in *Kanuk v. Pohlmann*, 338 So.2d 757, 758, (La.App. 4 Cir. 1976), *writ denied*, 341 So.2d 420 (La.1977), set forth the reasoning behind the liberal construction of Article 561:

---

[1] Article 561 was amended in 1997 to change the abandonment period from five to three years.

2

> The purpose of [Article] 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiff's inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action.

The Louisiana Supreme Court in *Clark v. State Farm Mut. Auto. Ins. Co.*, 785 So.2d at 785 (footnotes omitted), noted that in adhering to the language in *Kanuk*, "the appellate courts have declined to allow form to prevail over substance in determining whether an action has been abandoned. This court has likewise declined to allow suits to be dismissed as abandoned based on technical formalities." The *Clark* court went on to conclude "abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Id.* The law is clear that for the purpose of determining abandonment, "the intent and substance of a party's actions matter far more than technical compliance." *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers*, 11-912, p. 4 (La. 12/6/11), 79 So.3d 978, 982. If the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit, dismissal is not warranted. *Wilkerson v. Buras*, 13-1328 (La.App. 1 Cir. 8/12/14), 152 So.3d 969.

I also note, in contrast to the cases of *Succession of Knox*, *Succession of Wright* and *Succession of Mexic*, there is case law that takes a different view of whether a petition to annul a judgment of possession is a succession proceeding as described in Article 561.

In *Succession of Mizell*, the appellant challenged a trial court judgment dismissing his petition to annul a probated testament based on the trial court's conclusion that the action had been abandoned. In that case, Alda Mizell died on October 16, 1986. On December 3, 1986, Joseph Jarrell, claiming he was Ms. Mizell's husband, filed a petition to be appointed administrator of the succession,

3

which was granted by order of the trial court on December 9, 1986. On February 27, 1987, Floyd Mizell, Ms. Mizell's son, filed a petition for probate of an olographic testament allegedly written by Ms. Mizell, in which she left all of her property to Mr. Mizell and named him executor of her estate. The trial court ordered the testament be executed on March 2, 1987. Subsequently, on May 29, 1987, Mr. Jarrell filed a petition to annul the probated testament, claiming it was not in Ms. Mizell's handwriting. Mr. Jarrell also claimed entitlement to one-fourth of Ms. Mizell's estate pursuant to La.Civ.Code art. 2432, which provided for a necessitous surviving spouse to make a claim for the marital portion of the succession. On September 21, 1987, Mr. Mizell filed a petition for appointment as executor of his mother's estate, which was granted by order of the trial court dated September 22, 1987. Ten days later, Mr. Mizell answered Mr. Jarrell's petition to annul, generally denying the allegations of Mr. Jarrell's petition. By petition filed on September 19, 1988, Mr. Jarrell sought to have his entitlement to the marital portion recognized.

On May 18, 1993, Mr. Mizell filed a motion to have Mr. Jarrell's petition to annul the probated testament dismissed, because more than five years elapsed without any steps in the prosecution or defense of the action having been taken. The trial court granted the motion on May 20, 1993, ordering the petition dismissed. Over three years later, on June 20, 1996, Mr. Jarrell filed a rule to show cause why the judgment of dismissal should not be annulled. On November 21, 1996, the trial court signed a judgment dismissing Mr. Jarrell's rule to show cause. From this adverse judgment, Mr. Jarrell appealed, contending that the trial court erred in applying La.Code Civ.P. art. 561 to determine that his action to annul the probated testament was abandoned. Mr. Mizell answered the appeal, contending that the trial court judgment should be reversed insofar as it declared that Mr. Jarrell was married to Ms. Mizell.

4

The court in *Mizell*, in its holding, did not directly address whether the trial court correctly dismissed Mr. Jarrell's petition to annul the probated testament on the grounds of abandonment, because it found Mr. Jarrell's challenge to the May 20, 1993 order of dismissal was untimely. However, pertinent to the issue before us, the court in *Mizell* wrote:

> Although we need not address the merits of Mr. Jarrell's appeal to decide this case, we note that ***if Mr. Jarrell had timely challenged the trial court's dismissal of his petition to annul the probated testament, he would have prevailed. The trial court erred in concluding that Mr. Jarrell's petition to annul the probated testament was not excepted from the 5-year abandonment rule of [Article] 561, as his petition was part of the succession proceeding filed herein.***

*Id.* at 806 (emphasis added). Thus, the court in *Mizell*, albeit in dicta, clearly found the petition to annul the succession proceeding was part of the succession proceeding as contemplated by Article 561.

I also find compelling this court's finding in *Succession of Bernat*, 13-277 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, *writ denied*, 13-2640 (La.2/7/14), 131 So.3d 865, that a petition to annul is rooted in the execution and interpretation of the testament of the decedent. Although, not discussing the issue of abandonment, this court noted:

> We also find that the suit for declaratory judgment and the petition to annul the will find their basis rooted in the execution and interpretation of Frank Bernat's will. Therefore, both actions arise out of the same transaction or occurrence.

*Id.* at 1284. I find a similar situation herein. The petition to annul filed by Mr. Buelow is obviously rooted in and arises out of the succession proceeding opened on August 26, 2009. Further evidencing this, is the fact a new suit number was not assigned to the petition to annul, but rather the probate proceeding number was used.

Accordingly, I would conclude the trial court erred in dismissing Mr. Buelow's petition to annul on the grounds of abandonment. Mr. Buelow's petition

5

to annul the probated testament should have been excepted from the three year abandonment rule of Article 561, as that petition was part of the succession proceeding.  This finding is consistent with the well-settled principles that Article 561 is to be liberally construed and that "any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim."  *Dean v. Delacroix Corp.*, 12-917, p. 8 (La.App. 4 Cir. 12/26/12), 106 So.3d 283, 288 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 785 So.2d at 787).  Therefore, I dissent from the majority opinion and would reverse the trial court's judgment and remand for further proceedings.