GENOVESE, Judge.
I iJeffrey L. Buelow appeals the trial court’s judgment dismissing his Petition to Annul Judgment of Possession rendered in the succession of his mother, Linda Diann Aymond Roberts, on the grounds of abandonment. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Linda Diann Aymond Roberts died on July 28, 2009. Mrs. Roberts was married three times. Two children' were, born of Mrs; Roberts’ marriage to her first husband, William Leo Buelow: namely, William Louis Buelow and Jeffrey Lee Bue-low, Plaintiff herein. - These were Mrs. Roberts’ only children. ’Following a divorce, Mrs. Roberts married and later divorced Walter Dugas. At the time of her death, Mrs. Roberts was married to Donald Melvin Roberts.
Mrs. Roberts executed a Last Will and Testament on January ,15, 1999, designating. Mr. Roberts as her executor. On August 26, 2009, Mr. Roberts opened Mrs. Roberts’ succession in the Ninth Judicial District Court, in Rapides Parish, without the appointment of an executor. On that .same day, the trial court signed a Judgment. of Possession in Mrs. Roberts’ succession thereby completing and-closing the succession proceeding.
*263 On May 26, 2010, Jeffrey Buelow filed a Petition to Annul Judgment of Possession seeking to have the Judgment of Possession issued in his mothers succession declared a nullity. Mr. Buelow’s petition was assigned the same docket number as the succession proceeding and was filed therein.
On June 16, 2010, Mr. Roberts filed a Dilatory Exception of Vagueness. Following a hearing, the trial court sustained the exception and ordered Mr. Buelow to amend his petition within fifteen days tó remove and cure the defect in phis pleadings. On August 9, 2010, the trial court signed an order dismissing Mr.' Buelow’s Petition to Annul Judgment of Possession since he failed to amend his original pleading within the fifteen days as ordered.
Mr. Buelow filed a second Petition to, Annul' Judgment of Possession on August 80,. 2010. Mr. Roberts filed an answer thereto on November 18,2010.
On October 24,2014, Mr. Roberts filed :a Motion to Dismiss on Grobnd of Abandonment of Action. The trial court signed an order dismissing the Petition to" Annul Judgment of Possession on November 3, 2014.
Mr. Buelow, pro se, filed a ; Request Hearing on the Motion to Dismiss on Ground of Abandonment of Action on November 19, 2014. ‘ Following a'hearing, the trial court reaffirmed its dismissal of Mr. Buelow’s action based on abandonment and signed d concomitant judgment on January 5, 2015; From' said judgment, Mr. Buelow appeals.

ASSIGNMENT OF ERROR

Mr. Buelow contends that the trial court committed legal error in* dismissing his Petition to Annul Judgment of Possession on the grounds of abandonment.

LAW AND DISCUSSION

Louisiana Code .of Civil Procedure Article 561 governs the abandonment of a civil action providing, in relevant part, as follows:
A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it.is a succession proceeding:
■ (a) Which has been opened;
(b) In which an administrator or executor has been appointed; or
(c) In which’ a testament has been probated.
[[Image here]]
(3) This provision shall , be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which, provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article Í292. ,
[[Image here]]
B. Any formal discovery as authorized by this Code and served on. all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed , to be ,a step in the prosecution or defense of an action.
Under La.Code Civ.P. art. 561, an action “is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” La.Code Civ.P.. art. 561(A)(1). “A party takes a ‘step’ in the prosecution or defense of a suit when he *264 takes formal action, before the court, intended to hasten the matter to judgment. Chevron Oil Co, v. Traigle, 436 So.2d 530, 532 (La.1983).” Hercules Offshore, Inc. v. Lafayette Parish Sch. Bd., Sales & Use Tax Dep’t, 14-701, p. 2 (La.App. 3 Cir. 2/11/15), 157 So.3d 1177, 1180. The court in Clark v. Southern Tire Service, Inc., 00-1548, p. 2 (La.App. 5 Cir. 2/14/01), 782 So.2d 27, 28, explained:
The article is operative, and the dismissal effective, as soon as this interval has expired. An actual judgment is not necessary to ratify or confirm the fact of abandonment. See Camaille.v. Shell Oil Co., 542 So.2d 663, 664 (La.App. 5 Cir. 1989). Post abandonment actions are “inefficacious” to counteract application of the article. Semel v. Green, 252 La. 386, 394, 211 So.2d 300, 304 (La.1968). The record here shows without question that three years had passed between Appellee’s answer, filed in August of 1995, and the Clarks’ motion to “compel answers to interrogatories, filed in March of 2000. The Clarks’ motion, therefore, could not revive the instant action, abandoned as of August 16,1998.
| ¿The Louisiana Supreme Court in Murray v. Brown, 12-2149, p. 1 (La.12/14/12), 102 So.3d 777, 778, noted “[o]nce abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779.” This court, in Morgan v. Louisiana Department of Public Safety & Corrections, 08-750, p. 3 (La.App. 3 Cir. 12/10/08), 24 So.3d 208, 211, writ denied, 09-2834 (La.3/5/10), 28 So.3d 1012, similarly wrote:
It is important to note that the abandonment provision is self-executing such that it occurs automatically upon the passing of three-years without a step being taken by 'either party, and it is effective without court order. La.Code Civ.P. art. 561; Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779.
Oh appeal, Mr. Buelow, who is representing himself, makes several arguments as to why his dismissal on the grounds of abandonment was eiToneous. First, he contends that he took action in furtherance of the prosecution of his claim which was sufficient to interrupt the three-year period found in La.Code Civ.P. art. 561. Specifically, Mr. Buelow asserts that a he filed a Notice of Deposition, and a subpoena to appear for said deposition was issued on September 23, 2014; therefore, the abandonment should be set aside. We find no merit to this contention.
As counsel for Mr. Roberts notes, before the Notice of Deposition was filed and the subpoena was issued, three years had already elapsed, and the Petition to Annul Judgment of Possession was automatically abandoned under La.Code Civ.P. art. 561. We agree and find the record establishes that, after the initial filing of the Petition to, Annul the Judgment of Possession, three years elapsed without a step being taken in the prosecution of the case. Mr. Buelow’s subsequent action does | mot serve to “revive” the action. Clark v. S. Tire Serv., Inc., 782 So.2d at 28; Murray, 102 So.3d 777.
We also find Mr. Buelow’s argument that his attorney allegedly .failed to advance his interests is not a factor that serves to defeat a dismissal based on abandonment., Mr. Buelow had three years to check on the status of his case, yet failed to do so until over three years had passed with no action being taken. The court in Matthews v. Fontenot, 99-484, p. 3 (La. App. 4 Cir. 9/29/99), 745 So.2d 691, 693, addressed a similar argument of attorney neglect, and stated:
■ Similarly, the plaintiffs’ allegations of attorney neglect and/or misconduct are *265 insufficient, even if proven, to avoid a judgment of dismissal for abandonment. Although an exception to the operation of Article 561 has been recognized when the failure to prosecute results from cirr cumstances beyond the party’s. control, this court has previously ruled, that an attorney’s inaction does.not fall within this exception. Courtney v. Henderson, 602 So.2d 95, 96-97 (La.App. 4th Cir. 1992); see also. Willey v. Roberts, 95-1037, p. 6 (La.App. 1st Cir.12/15/95), 664 So.2d 1371, 1376, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422; Haisty v. State DOTD, 25,670, pp. 2-4 (La.App.2d Cir.3/30/94), 634 So.2d 919, 921-22. Therefore, this argument for reversal of the judgment below is unavailing.
Thus, even assuming that there was attorney neglect on the part of Mr. Buelow’s prior counsel, this does not serve to avoid the entry of a judgment of dismissal on the grounds of abandonment. :
Mr. Buelow also argues that his Petition to Annul Judgment of Possession was erroneously dismissed on the grounds of abandonment because it Ms within the exception contained in La.Code Civ.P. art; 561(A)(1), which provides an exception to the three-year period for abandonment if “it is a succession proceeding: (a) Which has been opened; (b) In which an administrator or executor has been appointed; or (c) In which a testament has been probated.” We find that this exception is inapplicable in this case.
|fiThe record reflects that the succession of Mrs. Roberts was opened and completed on August 26, 2009, that no administrator or executor was appointed, and that the testament was probated on the same date, along with the trial’s court signing a Judgment of Possession. Therefore, two of the three 'requirements contained in La. Code- Civ.P. art. ■ 561(A)(1) are satisfied. However, we do not agree with Mr. Bue-low that his Petition to Annul'Judgment of Possession' is “a succession proceeding.” '' >
Our conclusion herein is supported.by the following jurisprudence cited by Mr. Roberts in his brief to this court. The second circuit has considered this issue in the matters of Succession of Knox, 579 So.2d 1164 (La.App. 2 Cir.1991), and Succession of Wright, 37,670 (La.App. 2 Cir. 9/24/03), 855 So.2d 926, writ denied, 03-2969 (La.1/16/04), 864 So.2d 632.
' tn Succession of Knox, 579 So.2d 1164, lowing the death of Ms.. Knox, her will was Probated and the heirs were put into possession on August 31, 1983. On March ⅛ 1984, Ms. Williams, who was not an heir, filed a Petition for Nullity of the JudSment the accession proceed-⅛- The heirs answered and reconvened on April 10, . 1984. On April 25, 1989, Pursuant tp an ex parte motion,, the trial court dismissed the Petition for Nullity of the Judgment on the grounds of abandonment. Thereafter, .Ms. Williams filed a petition seeking to have the trial court’s dismissal of her suit, set aside, and the heirs responded, with an exception of no cause of action. The trial- court sustained the exception, and Ms. Williams appealed, On appeal, the second circuit considered “whether the trial court erred in .^dismissing plaintiffs petition to nullify the judgment of possession for failure to take any step in its prosecution for five years.”[1] Id. at 1165. Discussing La.Code Civ.P. art. 561, the court reasoned as follows:
*266 A suit for nullity of a judgment of possession is not a succession proceeding as described in [La.Code Civ.P. art.] 561(A) and. is sübject to the five year abandonment rule. See and compare Succession of Kinchen, 391 So.2d 1278 (La.App. 1st Cir.1980), in which a petition filed after rendition of a judgment '■ of possession in an intestate succession was dismissed as abandoned under the provisions of [La.Code Civ.P. art] 561.. In Succession of John Everett Overton, Sr., 422 So.2d 1356 (La.App. 1st Cir.1982), an action to set aside a sale to one of decedent’s children as a donation in disguise and to return the property to the mass of the father’s estate was dismissed under [La.Code Civ.P. art.] 561 for fáilure to prosecute even though it related to a succession proceeding.
Id. at 1166 (footnote omitted). Thus, the second circuit found no error in the trial court’s grant of the exception of no cause of action and held that “[t]he ex parte motion to dismiss the original action to nullify the judgment of possession for failure to prosecute was in order.” Id. at 1167.
In Succession of Wright, 855 So.2d at 928, the second circuit cited Succession of Knox, and reiterated that “[a]n action for nullity of a judgment of possession is not such a succession proceeding as contemplated in [La.Code Civ.P. art. 561(A)(1),] and is subject to the three year abandonment rule.” The court went on to opine: “The exception in [La.Code Civ.P.] art. 561 applies to uncontested opened successions and recognizes that uncontested proceedings may remain open for years while assets are collected and managed. ■ There is no Isprosecution or defense under these circumstances. Succession of Mexic, 97-1745 (La.App. 4th Cir.04/08/98), 712 So.2d 223.” Id[2]
In this case, we find that Mr. Bue-low failed to take a step in the prosecution of this action within La.Code Civ.P. art. 561’s requisite three-year period. His efforts relative to the taking of the deposition were done after the three-year period had run and did not serve to preclude the granting of the ex parte motion for abandonment. Murray, 102 So.3d 777; Clark v. S. Tire Serv., Inc., 782 So.2d 27. Any allegation of his lawyer’s negligence being the cause of his failure to act does not change this result. Matthews, 745 So.2d 691. Finally, the present Petition to Annul Judgment of Possession is not a succession proceeding pursuant, to La.Code Civ.P. art. 561, the succession having been opened and completed on August 26, 2009. Succession of Knox, 579 So.2d 1164; Succession of Wright, 855 So.2d 926. This was not an active and ongoing succession during the three-year abandonment period. Therefore, for the foregoing reasons, we find no error in the trial court’s judgment dismissing Mr. Buelow’s petition on *267 the grounds of abandonment.[3]

\J)ECREE

. For the reasons assigned, the judgment of the trial court dismissing Jeffrey L. Buelow’s' Petition to Annul Judgment of Possession on the grounds of abandonment is affirmed. Costs of this appeal are assessed to Jeffrey L. Buelow.
AFFIRMED.
COOKS, J., dissents and assigns reasons. ■

. Louisiana Code of Civil Procedure Article 561 was amended in 1997 to change the -abandonment period from five to three years.

. In reaching our conclusion herein, we are mindful of Succession of Mizell, 97-127, p, 3 (La.App. 1 Cir. 2/20/98), 708 So.2d 805, 806, n. 4, writ denied, 98-1056 (La.5/29/98), 720 So.2d 670, in which, in dicta, the first circuit stated: "The trial court erred in concluding that Mr. Jarrell’s petition to annul the probated testament was not excepted from the 5-year abandonment rule of La.ECodc Civ.P.] art, 561, as his petition was part of the succession proceeding filed herein.” However, the first circuit acknowledged that it did not actually reach that issue, since it found that Mr. Jarrell’s challenge io the dismissal on the grounds of abandonment was itself untimely, having been filed''over three years after the trial court dismissed his petition to annul,a probated testament. Moreover, in Succession of Mizdl, although the testament had been probated, other matters were still being contested including whether Mr. Jarrell was actually married to the decedent; thus, the succession proceeding had not yet been concluded.

. In Gravlee v. Gravles, 11-509, pp. 2-3 (La.App. 3 Cir. 12/7/11), 79 So.3d 1169, 1172, this court has stated the appropriate standard of review as follows:
Whether a party has taken a step in the .prosecution of a case Is a question of fact, subject to a manifest error standard of review. Gueldner v. Allstate Ins. Co., 09=720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143 (citing Hutchison v. Seariver Mar., Inc., 09-410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, writ denied, 09-2216 (La.12/18/09), 23 So.3d 946), On the other hand, whether the act precludes abandonment is a question of law that is reviewed de novo. Id.